307 So.2d 6

**Eric O. CATES et al.**

v.

**Fred N. BUSH.**

**SC 960.**

Supreme Court of Alabama.

Jan. 23, 1975.

Calvin Poole and William Hamilton, Greenville, for appellants.

W. J. Williamson, Greenville, for appellee.

HEFLIN, Chief Justice.

This is an appeal from the Butler Circuit Court's "Decree Determining Issues Set Out in Pre-Trial Order of November 19, 1973." The motion to dismiss the appeal is granted.

Only a short explanation of the facts of this dispute is necessary for the purposes of this opinion, since this court does not reach the substantive issue raised by the appellants-defendants (defendants).

S. D. Barganier died in 1918. His will gave the widow a life estate in his real property; she was given an unlimited power to dispose of the realty during her life, but no power to dispose of it by will. She made no disposition of the realty during her life. The will also purported to give at the widow's death some sort of life estate to four children (three step-grandchildren and one step-great-grandson) who were living with Mr. Barganier at the time of his death. Mr Barganier had no children of his own.

The disputed portion of Mr. Barganier's will, Section Three, reads in part as follows:

" * * * Whatever remains of the real property of my estate at the time of the death of my said wife and not disposed of by her, I give and devise unto Mattie Lucile Parker, Cumi Bush, Fred N. Bush and Frederick Bradley during their life and no longer, and the remainder in all of said real property shall revert to and become the property of my estate, to be divided according to law among my next of kin. Provided, that at the time of the death of either of the above named devisees his or her share shall at once revert to my estate and be disposed of according to the laws of descent and distribution. Provided, further, that if said life tenants of said real property shall fail to pay the taxes at any time when it shall become due, and said real property or any part thereof is subjected to a sale for taxes, then and in that event the whole of the real property in which a life estate is given to them shall at once revert to and become a part of my estate to be disposed of as hereinabove directed. Provided further, that if either of said devisees shall sell or convey his or her share in said real property at any time, that his or her life estate shall at once terminate and revert to my estate

to be disposed of according to law as above directed."

As things turned out, two of the four children predeceased the widow. At her death the two survivors took possession of the realty; one died in 1952, and the survivor, plaintiff-appellee (plaintiff), Fred N. Bush, was in sole possession after that time.

Fred N. Bush filed a complaint in this case asking, inter alia, that the land be sold and the proceeds divided among the claimants, with the commuted value of his life estate being paid to him.

The defendants, who claim an interest in the land as the heirs at law of S. D. Barganier, answered and filed a "cross-bill" seeking an accounting from Fred Bush, based upon their claim that S. D. Barganier's heirs had held a fee in three-fourths of the land since 1952.

At the pre-trial conference on November 19, 1973, the trial court declared that the first issue to be decided was a construction of S. D. Barganier's will. The plaintiff Fred N. Bush claims that the will created in the four children a joint life tenancy with right of survivorship and that since 1952 he has had a life estate in the entire tract. The defendants contend that the will gave the heirs of S. D. Barganier a fee simple in three-fourths of the land upon the death of the third life tenant in 1952, and that Fred N. Bush from that time held a life estate as to only one-fourth of the land.

On January 18, 1974, the trial court issued its "Decree Determining Issues Set Out in Pre-Trial Order of November 19, 1973." The court decreed that under the will Fred N. Bush held a life estate in the entire tract. It is from this decree that the appeal is taken.

The land has now been sold and the trial court holds the $92,100.00 purchase price, which will be distributed among the claimants according to their interests.

■ Before this court can consider whether the trial court properly construed the will in question, it must appear that the decree appealed from was a final judgment. Except as otherwise provided by law, appeals lie only from final judgments. Title 7, Section 754, Alabama Code of 1940, as amended (Recompiled 1958); and without a final judgment this court is without jurisdiction to hear an appeal. Powell v. Republic Nat. Life Ins. Co., 293 Ala. 101, 300 So.2d 359 (1974); McGowin Investment Co. v. Johnstone, 291 Ala. 714, 287 So.2d 835 (1973); Taylor v. Major Finance Co., Inc., 289 Ala. 458, 268 So.2d 738 (1972); Mason v. McClain, 271 Ala. 93, 122 So.2d 519 (1960).

The issue before this court then is whether the trial court's determination that Fred N. Bush had a life estate in the entire tract was a final judgment.

Rule 54(b) of the new Alabama Rules of Civil Procedure, which became effective on July 3, 1973, reads as follows:

> "*Judgment Upon Multiple Claims or Involving Multiple Parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, *the court may direct the entry of a final judgment* as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and

liabilities of all the parties." (Emphasis supplied)

The trial court has made neither "an express determination that there is no just reason for delay" nor "an express direction for the entry of judgment." The defendants contend that Rule 54(b) does not apply to this appeal, it being their contention that neither multiple claims nor multiple parties are presented. They argue that the appeal is therefore governed by Title 7, Section 754, Alabama Code of 1940, as amended (Recompiled 1958). Title 7, Section 754, reads as follows:

*"Appeals to supreme court on all final judgments.*—From any final judgment or decree of the circuit court, or courts of like jurisdiction, or probate court, except in such cases as are otherwise directed by law, an appeal lies to the supreme court, for the examination thereof as matter of right, on the application of either party, or his personal representative; and the clerk, register, or judge of probate, must certify the fact that such appeal was taken, and the time when, as part of the record, which gives the supreme court jurisdiction of the case."

■ Rule 54(b) is a verbatim copy of its counterpart in the Federal Rules of Civil Procedure, as amended effective July 19, 1961. The Committee Comments to Rule 54(b), A.R.C.P., state:

"These rules provided for a much wider joinder of claims and parties than that heretofore permitted in Alabama. This subdivision regulates the relation of that joinder to the usual requirement, in Alabama as elsewhere, that appeal must be only from a final judgment, save in unusual circumstances. See Code of Ala., Tit. 7, § 754. * * *"

It was the more liberal joinder of parties and claims allowed by the Federal Rules of Civil Procedure that brought about the need for Rule 54(b), F.R.C.P.; Wright and Miller, 10 Federal Practice and Procedure:

Civil § 2653 (1973), at page 18, give the history of Rule 54(b), F.R.C.P., and there state:

"Prior to the adoption of the federal rules in 1938, the courts had been guided by what was termed the single judicial unit theory in determining what orders might be considered final and, therefore, appealable. In practice this meant that only one appeal was permitted from any one action. This philosophy was adequate at a time when almost all of the litigation in the federal courts followed the two-party-single-cause paradigm.

"With the formulation of the federal rules, and especially their provisions for the liberal joinder of parties and claims, it was felt that to deny an immediate appeal from the disposition of an identifiable and separable portion of a highly complex action might result in an injustice. Thus, Rule 54(b) was included to alter the judicial unit theory and embrace the notion of the adjudication of a single 'claim' as a basis for the entry of a judgment. * * *" (Footnotes omitted)

Rule 54(b), A.R.C.P., serves this same purpose. See this court's opinion in Powell v. Republic Nat. Life Ins. Co., supra.

■ Rule 54(b), F.R.C.P., as originally adopted in 1938, provided that:

"* * * When more than one claim for relief is presented in an action, the court at any stage, upon a determination of the issues material to a particular claim and all counterclaims arising out of the transaction or occurrence which is the subject matter of the claim, may enter a judgment disposing of such claim. The judgment shall terminate the action with respect to the claim so disposed of and the action shall proceed as to the remaining claims. * * *"

There soon arose a problem under this provision, because it was often difficult to

know what was a final judgment and what was not, for appeals purposes. That problem was well stated by Mr. Justice Burton of the United States Supreme Court in the case of Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 434, 76 S.Ct. 895, 899, 100 L. Ed. 1297, 1305 (1956):

" * * * [I]t was soon found to be inherently difficult to determine by any automatic standard of unity which of several multiple claims were sufficiently separable from others to qualify for this relaxation of the unitary principle in favor of their appealability. The result was that the jurisdictional time for taking an appeal from a final decision on less than all of the claims in a multiple claims action in some instances expired earlier than was foreseen by the losing party. It thus became prudent to take immediate appeals in all cases of doubtful appealability and the volume of appellate proceedings was undesirably increased."

The federal rule was amended in 1948 to provide that when more than one claim was presented the court could direct entry of a final judgment as to one or more but fewer than all of the claims only "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." See Wright and Miller, 10 Federal Practice and Procedure: Civil § 2653 (1973).

Mr. Justice Jackson of the United States Supreme Court stated in Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 512, 70 S.Ct. 322, 324, 94 L.Ed. 299, 302 (1950), that the purpose of this amendment was:

" * * * to reduce as far as possible the uncertainty and the hazard assumed by a litigant who either does or does not appeal from a judgment of the character we have here. It provides an opportunity for litigants to obtain from the District Court a clear statement of what that court is intending with reference to

finality, and if such a direction is denied, the litigant can at least protect himself accordingly." (Footnote omitted)

It is, of course, in view of this history of Rule 54(b), F.R.C.P., that this court construes Rule 54(b) of our own Alabama rules.

The trial court made no "express determination that there is no just reason for delay" and made no "express direction for the entry of judgment." Rule 54(b) provides that:

" * * * In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *shall not terminate the action as to any of the claims* or parties, *and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*" (Emphasis added)

Did this case present "more than one claim for relief"? If so, there has been no "final judgment."

The plaintiff's complaint sought, among other things, 1) that the land be sold and the proceeds divided as the claimants' interests appear; 2) that the value of Bush's life estate be paid to him; 3) that in determining the value of Bush's life estate, the court take into consideration the improvements he had made over the years and the value of the trees planted at his own expense; 4) that $3,500.00 paid into court by the state in a 1965 condemnation proceeding be distributed to the claimants according to their interests; and 5) that the attorney who represented Bush in the 1965 condemnation suit be paid an attorney's fee out of the $3,500.00 on hand before distribution. The defendants answered and filed a "cross bill," which this court will treat as a "counterclaim." Rule 81(e), A. R.C.P. This counterclaim sought an ac-

counting for the defendants' proportionate share of 1) all sums received by Bush from the sale of timber, improvements, and peanut and cotton allotments, 2) all rents collected, and 3) all payments received from the United States Department of Agriculture.

The United States Supreme Court in two often-cited opinions has attempted to clarify the phrase "more than one claim for relief"; see Sears, Roebuck & Co. v. Mackey, supra, and Cold Metal Process Co. v. United Engineering & Foundry Co., 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311 (1956). In discussing these two cases, Wright and Miller, 10 Federal Practice and Procedure: Civil § 2657 (1973), state at pages 50–52:

"When read together, these decisions repudiate the notion that a separate claim for purposes of Rule 54(b) is one that must be entirely distinct from all the other claims in the action and arise from a different occurrence or transaction. Of course, if the claims factually are separate and independent, then multiple claims clearly are present. At the other extreme, the decided cases do not go so far as to treat every variation in legal theory as a separate 'claim.' But where does that leave us?

"Before the Supreme Court decisions in Sears, Roebuck and Cold Process, the Second Circuit enunciated the following test: 'The ultimate determination of multiplicity of claims must rest in every case on whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced.' [Rieser v. Baltimore & O.R.R. Co., 224 F.2d 198, 199 (2d Cir. 1955), cert. denied 350 U.S. 1006, 76 S.Ct. 651, 100 L.Ed. 868 (1956)] This test appears to be consistent with both Supreme Court decisions and seems to be a workable, albeit somewhat tautological, formulation of the standard to be applied.

"Applying this test, whenever more than one claimant requests relief or one or more plaintiffs seek relief against more than one defendant, regardless of the factual similarity of the claims, a final judgment may be rendered under Rule 54(b) on one or more but fewer than all of the claims since each plaintiff could have enforced his claim or his rights as to each defendant separately. The same is true when a counterclaim is asserted in a single-plaintiff, single-defendant action. Thus, the distinction that was drawn under the original rule as to compulsory and permissive counterclaims no longer is valid. The text of the rule itself contemplates this result and it is supported by the holding of and language in the Cold Metal case." (Footnotes omitted)

This court is of the opinion that in this case the complaint, asking for sale of the land, and the counterclaim, asking for an accounting, presented "more than one claim for relief," either of which could have been separately enforced. This is precisely the type of situation Rule 54(b) was intended to cover. The fact that the claims may have arisen out of the same set of facts does not mean they are not multiple claims.

Because this case involved multiple claims and the trial court has made no "express determination that there is no just reason for delay" and no "express direction for the entry of judgment," there has been no final judgment and this appeal must be dismissed.

■ The defendants have urged this court to "set at rest the question of whether or not Rule 54(b) supersedes and nullifies Section 754 of Title 7 of the Code relating to the finality of appeals." The answer is that Title 7, Section 754, is neither superseded, nullified, nor modified. Title 7, Section 754, provides that, except in unusual circumstances, appeal must be only from a final judgment. Rule 54(b) merely sets out one instance where a judgment

may now be made final although it would not have been final prior to the adoption of the new rules. The effect of Rule 54(b) as it relates to Title 7, Section 754, is explained in the Committee Comments to Rule 54(b).

Plaintiff's motion to dismiss the appeal is granted.

Appeal dismissed.

COLEMAN, HARWOOD, BLOODWORTH, MADDOX, McCALL and FAULKNER, JJ., concur.