313 So.2d 514

**CHEROKEE COUNTY HOSPITAL BOARD**

v.

**RETAIL, WHOLESALE, AND DEPART-
MENT STORE UNION, AFL–
CIO, et al.**

**SC 1095.**

Supreme Court of Alabama.

May 22, 1975.

Rehearing Denied June 12, 1975.

Mark L. Taliaferro, Birmingham, and Irby A. Keener, Jr., Centre, for appellant.

Clarence F. Rhea, Gadsden, for appellees.

BLOODWORTH, Justice.

Appellant, Cherokee County Hospital Board, a public corporation, brought an action against appellee, Retail, Wholesale and Department Store Union, AFL–CIO, seeking to enjoin a strike called by the Union against the Hospital Board. A temporary restraining order was issued on October 3, 1974, enjoining the Union from striking or picketing. By consent of the parties, on October 11, 1974, the T. R. O. was modified to allow the Union to place two pick- ets outside each hospital entrance and was continued in force until a hearing could be had on the Hospital Board's request for a preliminary injunction.

Pending that hearing, the Union allegedly violated the consent order. The Hospital Board then withdrew its consent to the modification of the T. R. O. and sought a rule nisi against the Union for contempt.

On November 1, 1974, a hearing was held on the alleged contempt and on the application for a preliminary injunction. At the hearing, the court orally ordered picketing to be "further limited."

Another hearing was held November 6, 1974. At that hearing, the court orally ordered the cessation of all picketing.

On November 14, 1974, Hon. Frank Embry, Special Judge, entered the following "order" from which the Hospital Board appeals:

"This matter has been before the Court for two hearings following an ex parte injunction[1] and a consent decree allowing limited picketing.

"Following the first hearing Friday, the 1st day of Nov., 1974, the Court further limited picketing, and then after a hearing Wednesday, 6 November 1974, this Court orally ordered cessation of all picketing at the premises of the Complainant. Formal evidence was presented and lengthy arguments were heard as well as several memorandums from the parties.

"The Complainant, a public institution, is controlled and directed by a Hospital Board of nine members appointed by the Cherokee County Commission.

"The Defendant Union sought to represent hospital and nursing home employees and the Complainant agreed to a super-

---

1. Although Judge Embry classifies this as an "ex parte injunction," it is in reality a "temporary restraining order." Moreover, it was not granted ex parte. The T. R. O. itself signed by Judge K. J. Griffith shows on its face that the Union had "notice" before its issuance in accord with Rule 62(b), A.R.C.P.

vised election which was won by employees desiring union recognition.

"The Hospital Board employed an attorney to handle matters of negotiation. No Board Minutes could be found as to instructions the Board gave their 'negotiator.'

"The 'negotiator' claimed he illegally agreed to negotiate but limited the period of negotiations to sixty days.

"The Union claimed that neither the Union nor the employees were aware of the sixty day limit on talks and claim that public officials do not violate the law by meeting with employees.

"Picketing ensued and the Company terminated thirty or so employees.

## "FINDINGS

"Public strikes are illegal and public lockouts are improper, if not illegal.

"The Court finds that although public employees are not authorized to strike to compel public officials to enter into an enforceable collective bargaining agreement, it is not illegal to meet and confer with public employees and/or their representatives regarding wages, hours and working conditions.

"Refusing to condone compulsion likewise should not prevent public employers from gathering information from any source.

"Responsibility to the public cannot be surrendered by either ignoring legitimate concerns of the public or the employees of public institutions. Immunizing the public authority (from certain incidents of private sector collective bargaining such as the strike or entering into enforceable collective bargaining agreements) should not thereby be used to encourage public officials to ignore legitimate discussion or authorize delegating authority or decision making power over employee discussions or

employee relations to either *pro* union or *anti* union agencies.

"The Hospital Board agreed to supervised election among Hospital and Nursing Home employees and a majority of the employees voted for union representation.

"The Board could properly collectively negotiate without losing its immunity from compulsion to enter into binding agreement.

"The Board says it 'negotiated' sixty days and stopped negotiations. Employee confusion developed when negotiations or 'meet' and 'confer' failed. The Board's actions were apparently considered by the employees, and possibly by the Board, as a lockout or firing.

"At the hearing the Hospital Administrator informed the Court that he had no jobs for those who picketed. This was later modified but the Court did not obtain a clear statement of the Board's policy.

"The Court believes that the lack of communication and understanding among the employees and the Board may be contributed to by buffers being placed between the most interested parties, viz: the Hospital Board and the employees. Both are entitled to have representatives but neither side should totally abdicate to third parties either a presence at the conference table or ultimate decision making authority.

"The Court will retain the injunction against all picketing until further orders of this Court.

"The Court orders the parties to report to this Court within twenty (20) days, efforts they have made and proposals to overcome the uncertainty and confusion that exists as to those persons who were formerly employees and were either fired or locked out by the Board, but who the Board continued to call employees.

"The Court retains jurisdication as to all other matters pending a final adjudication of this case.

"This the 14th day of Nov., 1974.

s/ Frank B. Embry
_____
Judge"

The issue which is dispositive of this appeal is whether the above quoted "order" is appealable. We hold that it is not. Hence, the appellee-Union's motion to dismiss should be granted and the appeal dismissed.

In addition to the prayer for an injunction against a strike and picketing, the Hospital Board also sought damages and other relief by an amendment to its original complaint. The trial judge did not dispose of these issues in his "order" of November 14, 1974. Neither did he sever the issues and direct the issuance of a final judgment on the claim for an injunction after making an express determination that there was no just reason for delay in the entry of a final judgment as provided by Rule 54(b), A.R.C.P.

Under the decisions of this Court construing Rule 54(b), A. R. C. P., the "order" of the Circuit Court is not a final judgment and is not appealable as such under Tit. 7, § 754, Code of Alabama 1940 (Recompiled 1958). Cates v. Bush, 293 Ala. 534, 307 So.2d 6 (1975) ; Powell v. Republic National Life Ins. Co., 293 Ala. 101, 300 So.2d 359 (1974). A final judgment is necessary to give this Court jurisdiction on appeal. Taylor v. Major Finance Co., Inc., 289 Ala. 458, 268 So.2d 738 (1972).

Moreover, the "order" by its express terms is interlocutory in character and reserves jurisdiction in the trial court.

Nevertheless, appellant-Hospital Board contends that the order is appealable under either Tit. 7, § 757 or Tit. 7, § 1057, Code of Alabama 1940 (Recomplied 1958).

Tit. 7, § 757 allows appeals from "interlocutory orders * * * dissolving, or discharging injunctions." Clearly, it is not applicable. When the "order" in the instant case was issued, the temporary restraining order which enjoined all strike activity had expired by its terms. The only injunction of any kind, in effect at that time, was the trial court's oral order rendered November 6, 1974, restraining all picketing. It was continued in force by the court's written "order." Thus, there was simply no injunction against all strike activity in effect which could be dissolved or discharged.

Neither does the court's written "order" dissolve or discharge any injunction against striking. It is not even mentioned.

We hold the "order" is not appealable under Tit. 7, § 757, Code of Alabama 1940 (Recompiled 1958).

Neither is the "order" appealable under Tit. 7, § 1057, Code of Alabama 1940 (Recompiled 1958). It provides for appeals from orders "granting or refusing the writ of injunction."

The "order" appealed from was issued following a hearing on the Hospital Board's request for a preliminary injunction to restrain the Union "from maintaining a strike at the Cherokee County Hospital; from picketing, patrolling, or stationing any persons, pickets, or observers, with or without signs, banners, or handbills, at any of the entrances to said Hospital or within 200 yards of any such entrance; from threatening, restraining or coercing, or interfering in any manner with the Cherokee County Hospital, the members of complainant Board, its employees, patients, or any persons conducting any business with said Hospital, seeking medical attention, or to visit any patient, or conspiring, advising, counselling, or aiding or abetting in any such acts * * * ."

Can this "order" be reasonably construed as denying the application for a preliminary injunction against "striking"? We think it cannot. The "order" makes no reference to the application for a prelimi-

nary injunction against striking and neither grants nor denies the injunctive relief sought. The "order" merely expresses the trial judge's opinion as to the status of the proceedings and directs the parties to report certain information to the judge deemed necessary in order to reach a decision.

As counsel for appellant-Hospital Board admits in brief:

> "Practically all parts of the Order indicate that rather than considering the propriety and scope of a preliminary injunction * * * which * * * [was] the subject matter before the Court for adjudication, the Order largely ignores those matters and tries to find difficulty with the public Hospital Board."

We hold that the order is not appealable under Tit. 7, § 1057, Code of Alabama 1940 (Recompiled 1958) in that the order does not deny a writ of preliminary injunction to the Hospital Board.

In short, the trial court has failed to rule on the application for a preliminary injunction. Indeed, four of the Hospital Board's six assignments of error are addressed to the trial judge's failure to rule. In general, the mere failure of a trial judge to rule is not reviewable by appeal. Brown v. Andrews, 281 Ala. 598, 206 So.2d 607 (1967).

The appellate jurisdiction of this Court is purely statutory. We know of no statute which will support the instant appeal. Absent such a statute, the appeal must be dismissed.

Appeal dismissed.

FAULKNER, ALMON, SHORES and EMBRY, JJ., concur.