HOLMES, Judge.
This is an unemployment compensation case.
The Department of Industrial Relations has taken an appeal from a judgment which in pertinent part reads as follows:
“The court notes that it does not have before it sufficient evidence on which to render a definitive judgment, that the time of claimant’s unemployment is uncertain, the time of his availability for work is uncertain, and his base wages and/or amount of entitlement are not revealed by the record. The parties were not apparently prepared on those issued, having devoted themselves primarily to the resolution of the issue of good cause connected with claimant’s work.
“Premises considered, it is CONSIDERED AND ADJUDGED by the court as follows:
“1. The court declares and ascertains that claimant did have good cause connected with his work for leaving his employment.
“2. This case is re-set on May 25,1976, at 9:00 A.M. for the taking of evidence on other issues, unless in the meantime additional stipulations are furnished to the court.
“3. The clerk of this court shall forthwith mail a copy of this judgment to the attorneys of record for each of the parties.
“Done this the 15 day of April, 1976. /s/ Clark E. Johnson. Jr.
CLARKE E. JOHNSON, JR., JUDGE”
The law of Alabama is clear that a final judgment is necessary to give the appellate courts of this state jurisdiction on appeal. Tit. 7, § 754, Code of Alabama 1940. See Cherokee County Hospital Board v. Retail, Wholesale, and Department Store Union, AFL-CIO, 294 Ala. 151, 313 So.2d 514; Cates v. Bush, 293 Ala. 535, 307 So.2d 6. See also 2A Ala.Dig. Appeal and Error to 66.
It is equally as clear that the above principle of law applies to unemployment compensation cases. Tit. 26, § 221, Code of Alabama 1940.
Only a cursory examination of the above quoted judgment shows it to be a judgment that will not support an appeal.
APPEAL DISMISSED.
WRIGHT, P. J., and BRADLEY, J., concur.