Where a cause of action involves the original claim and, also, a counterclaim, can, under the appropriate facts, a trial court enter a partial summary judgment and thereby finally adjudicate the original claim and leave the counterclaim undecided so that the parties involved can further litigate the issues pertaining to that counterclaim? By answering this question in the affirmative, we deem the findings and order of the trial court to be proper and, therefore, affirm its holding.
On July 10, 1978, Gordon R. Pate, Phillip R. Pate, Susan Pate, J. Richard Pate, Brenda Pate and Cornelia Pate executed a personal guaranty agreement with Merchants National Bank of Mobile whereby they jointly and severally guaranteed the payment at maturity of all and various loans and notes executed by Pate Foundation and Pile Driving, Inc., to Merchants National, to the extent that those various notes did not exceed the sum of $20,000.
On or about April 2, 1980, Pate Foundation defaulted on a promissory note in the amount of $13,000 payable to Merchants National, and Merchants National filed suit against Pate Foundation and against the individual guarantors listed previously.
All the defendants filed an answer to Merchants National's complaint and, thereafter, Merchants National filed its motion for summary judgment.
On March 31, 1981, after Merchants National had filed its motion for summary judgment, the defendants filed an amended answer to Merchants National's complaint which contained a counterclaim by one of the defendants, Mrs. Cornelia Pate (hereinafter referred to as Mrs. Pate), alleging that Merchants National had wrongfully converted funds belonging to Mrs. Pate which had been deposited in a checking account at Merchants National. The conversion allegedly took place during the year 1979, prior to the execution of the March 3, 1980, note sued on by Merchants National in this action.
On April 3, 1981, the trial judge granted Merchants National's motion for summary judgment on its complaint and entered judgment against all defendants. The trial judge later amended this judgment of April 3, 1981, by entering a final order pursuant to Rule 54 (b), ARCP. In this order the trial judge ordered that the judgment in favor of Merchants National on its motion for summary judgment be made final, but expressly reserved Mrs. Pate's right to pursue her counterclaim against Merchants National.
It is from this final order of the trial court that Mrs. Pate brings her appeal and presents this issue for our determination:
Did the trial court err in ordering a final judgment against Mrs. Pate and for Merchants National on its guaranty and promissory note claims while leaving her counterclaim against Merchants National still pending? In arguing that the trial court was in error by issuing the order of final judgment, the appellant sets forth the following in her brief:
 "In this case Merchants National offered the affidavit testimony of its Assistant Vice-President with the promissory note executed by Pate Foundation attached to the affidavit as Exhibit 1 and the personal guaranty agreement signed by all of the individually named defendants attached as Exhibit 2 to the affidavit and the affiant stated that the sum of $13,000.00 principal plus $1,499.00 interest plus attorney's fee of 15% as provided for in said promissory note was now due and owing to Merchants National by Pate Foundation under the terms of the promissory note and by all of the named individual guarantors under the terms of the personal guaranty agreement. Pate Foundation offered no evidence to controvert the evidence of Merchants National pertaining to the execution of the promissory note, the default in payment thereof and the amount due thereunder. Therefore the trial court was left with no alternative but to consider Merchants National's *Page 799 
uncontroverted evidence as true and to enter judgment against Pate Foundation as claimed in Merchants National's First Cause of Action. Further, the trial court properly directed the entry of final judgment against Pate Foundation on the promissory note as authorized by Rule 54 (b) ARCP.
 "None of the named individual defendants offered any evidence to controvert Merchants National's evidence in support of its motion for summary judgment against the named individual guarantors. Therefore, the trial court was left with no alternative but to consider Merchants National's evidence offered in support of its motion for summary judgment against the individual guarantors as true and the trial court properly entered final judgment against all of the named individual guarantors EXCEPT
Mrs. Pate and the trial court properly directed the entry of final judgment against all of the individual guarantors as authorized by Rule 54 (b) ARCP EXCEPT as to Mrs. Pate. In regard to Merchants National's claim against Mrs. Pate there was no controversy as to the amount of damages to which Merchants National was entitled to have against Mrs. Pate under the personal guaranty agreement which she admittedly executed. However, as to Mrs. Pate, Merchants National's motion for summary judgment and the evidence offered in support thereof did not in any way address the claim made by Mrs. Pate against Merchants National in her counterclaim. Therefore as to the controversy between Merchants National in its claim against Mrs. Pate in [the] original complaint and the claim of Mrs. Pate against Merchants National in her counterclaim the trial court could not properly render judgment upon the whole case with respect to those parties."
Rule 54 (b), ARCP, states:
 "Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment . . .".
The committee comments following this rule go on to say the following:
 "[Subdivision (b)] provides that, in the absence of affirmative action by the judge, no decision is final until the entire case has been adjudicated. The one exception is that where the court has completely disposed of one of a number of claims, or one of multiple parties, and has made an express determination that there is no just reason for delay, the court may direct the entry of judgment on that claim or as to that party. The judgment so entered is a final judgment in all respects, and may be appealed, even though prior to the adoption of these rules it might not have been possible to enter final judgment in such a situation until all the claims, or the rights and liabilities of all the parties, had been adjudicated. Sears Roebuck Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); Cold Metal Process Co. v. United Engineering Foundry Co., 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311
(1956); 3 Barron Holtzoff, Federal Practice and Procedure, § 1193 (1958); 6 Moore's Federal Practice, ¶¶ 54.26-54.42 (2d ed. 1971). The validity of the rule seems settled also by such cases as Wood v. City of Birmingham, 247 Ala. 15, 22 So.2d 331
(1945); Wilkinson v. McCall, 247 Ala. 225, 23 So.2d 577 (1945). Subdivision (b) is expressly applicable to a suit involving multiple parties as well as a suit involving multiple claims."
This rule and its comments clearly provide that under the appropriate facts partial summary judgment on fewer than all the claims involved can be appropriate. See Donald v. CityNational Bank of Dothan, 295 Ala. 320, 329 So.2d 92 (1976). The fact that the claims may have arisen out of the same set of facts does not prevent them from being multiple claims. Catesv. Bush, 293 Ala. 535, 307 So.2d 6 (1975). *Page 800 
In a case where the complaint asked that certain land be sold, and the defendants answered and filed a counterclaim seeking an accounting, this Court stated:
 "This court is of the opinion that in this case the complaint, asking for sale of the land, and the counterclaim, asking for an accounting, presented `more than one claim for relief,' either of which could have been separately enforced. This is precisely the type of situation Rule 54 (b) was intended to cover. The fact that the claims may have arisen out of the same set of facts does not mean they are not multiple claims."
Cates v. Bush, 293 Ala. 535, 540, 307 So.2d 6 (1975).
The claim and counterclaim in the case at bar clearly presented more than one claim for relief. Merchants National's claim under the note constituted one claim and Mrs. Pate's claim for conversion of the funds in her checking account gave rise to another claim. Either of these claims could have been separately enforced. This case too is an example of the type of situation Rule 54 (b) was intended to cover.
The trial court, in its final order, made an express determination that there was no just reason for delay and made an express direction for entry of judgment for Merchants National on its complaint, reserving to Mrs. Pate her right to pursue her counterclaim against Merchants National. As was stated earlier, this case presented the very facts that Rule 54 (b) was intended to cover, and the trial judge certainly did not abuse his discretion by applying the rule to it. The findings and order of the trial court are due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.