The trial court granted appellee bank's motion for summary judgment and denied appellant guarantor's motion for partial summary judgment. We must answer the following question: Was the bank, under the terms of the guaranty contract signed by guarantor, free to unilaterally take the guarantor's personal funds which were on deposit and apply those funds to the payment of the corporate indebtedness which the guarantor, under the terms of the guaranty agreement, had guaranteed to pay? After reviewing fully the terms of the guaranty contract, we hold that the trial court did not err in granting the bank's motion for summary judgment, and in denying the guarantor's motion for partial summary judgment. Accordingly, we affirm.
This case comes to us following this Court's decision in an earlier case involving these two parties, Pate v. MerchantsNational Bank of Mobile, 409 So.2d 797 (Ala. 1982). The facts of that case, which are applicable in the case before us now, are set out below:
 "On July 10, 1978, Gordon R. Pate, Phillip R. Pate, Susan Pate, J. Richard Pate, Brenda Pate and Cornelia Pate executed a personal guaranty agreement with Merchants National Bank of Mobile whereby they jointly and severally guaranteed the payment at maturity of all and various loans and notes executed by Pate Foundation and Pile Driving, Inc., to Merchants National, to the extent that those various notes did not exceed the sum of $20,000.
 "On or about April 2, 1980, Pate Foundation defaulted on a promissory note in the amount of $13,000 payable to Merchants National, and Merchants National filed suit against Pate Foundation and against the individual guarantors listed previously.
 "All the defendants filed an answer to Merchants National's complaint and, thereafter, Merchants National filed its motion for summary judgment.
 "On March 31, 1981, after Merchants National had filed its motion for summary judgment, the defendants filed an amended answer to Merchants National's complaint which contained a counterclaim by one of the defendants, Mrs. Cornelia Pate (hereinafter referred to as Mrs. Pate), alleging that Merchants National had wrongfully converted funds belonging to Mrs. Pate which had been deposited in a checking account at Merchants National. The conversion allegedly took place during the year 1979, prior to the execution of the March 3, 1980, note sued on by Merchants National in this action.
 "On April 3, 1981, the trial judge granted Merchants National's motion for summary judgment on its complaint and entered judgment against all defendants. The trial judge later amended this judgment of April 3, 1981, by entering a final order pursuant to Rule 54 (b), ARCP. In this order the trial judge ordered that the judgment in favor of Merchants National on its motion for summary judgment be made final, but expressly reserved Mrs. Pate's right to pursue her counterclaim against Merchants National."
409 So.2d at 798.
In the previous case, this Court held that the trial court did not abuse its discretion in making an express direction for entry of judgment for Merchants National on its complaint, thereby reserving to Mrs. Pate, one of the defendants in that case, her right to pursue a counterclaim against Merchants National. On March 10, 1982, following our decision in that case, Merchants National filed a motion for summary judgment in its favor on the counterclaim pending against it by Mrs. Pate. Mrs. Pate subsequently filed a motion for partial summary *Page 39 
judgment in her favor under her counterclaim on the issue of liability only. In her counterclaim, she alleged that "the conduct of Merchants National constituted a conversion of her personal funds."
On April 2, 1982, the trial court heard oral arguments in support of and in opposition to each respective motion for summary judgment, and at the conclusion of oral arguments on that date took both motions under submission. The trial court granted Merchants National's motion for summary judgment and denied Mrs. Pate's motion for partial summary judgment. Mrs. Pate appealed.
The issue on appeal here can be settled by referring to the guaranty agreement. It is generally recognized that the rules governing the interpretation and construction of contracts are applicable in resolving a question as to the interpretation or construction of a guaranty contract. 38 Am.Jur.2d Guaranty § 70 (1968). When the terms are "clear and certain" it is the Court's duty to analyze and determine the meaning of a contract. Birmingham Trust National Bank v. Midfield Park,Inc., 295 Ala. 136, 138, 325 So.2d 133, 134 (1976); AirConditioning Engineers v. Small, 259 Ala. 171, 176,65 So.2d 698, 703 (1953).
The pertinent paragraph of the guaranty agreement on which Mrs. Pate strongly relies appears below:
 "Upon the failure of the said Borrower to pay any such liability promptly upon the maturity of same, the undersigned agrees to pay said debt at once and on failure to do so the said Bank may, in its discretion, enforce the collection of such debt out of the undersigned by action or suit, at law or in equity, the same as if such debt was the primary and individual debt of the undersigned, without first seeking to enforce the collection of the said debt by suit or otherwise out of the said Borrower or any other person."
(Emphasis added.)
The Court finds no ambiguity in the quoted provision of the guaranty agreement, because "[A] guarantor is bound only to the extent and in the manner stated in the contract of guaranty."Furst v. Shows, 215 Ala. 133, 137, 110 So. 299, 302 (1926). Mrs. Pate claims that the bank, by the terms of the guaranty agreement, specified that collection of the debt could be attempted only by suit at law or in equity. A narrow construction of that clause would make a suit a necessity; however, there are other provisions of the agreement which we hold gave the bank the legal right to set-off against the debt of the principal borrower individual funds of Mrs. Pate on deposit with the bank.
The guaranty specifically provides:
 "It is agreed that each and every term, provision and condition of each and every note or liability of the Borrower to said Bank shall become a part of this obligation as if fully set out herein, and shall be obligatory upon the undersigned as if it was executed by the undersigned as the primary and individual obligation of the undersigned."
Construing the two clauses of the agreement to ascertain what the parties intended, we conclude that reference in the agreement to the right of the bank to enforce collection of the debt by action or suit against a guarantor "without first seeking to enforce the collection of the said debt by suit or otherwise out of the said Borrower or any other person," did not preclude the bank from exercising its right of set-off, because the note and disclosure statement executed by Pate Foundation provided that the note was secured by a security interest in "checking or deposit accounts of maker(s) with lender." The effect of the guaranty was to make each provision of the note, including the security provision, binding on Mrs. Pate as if she had actually executed the promissory note. Any other interpretation would be a narrow one indeed, and one which we believe would be inconsistent with the intent of the parties to the transaction.
The judgment of the trial court is due to be affirmed.
AFFIRMED. *Page 40 
JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
TORBERT, C.J., and ADAMS, J., concur specially.
FAULKNER, J., not sitting.