This is a summary judgment matter.
The plaintiff's amended complaint contained two claims for relief, one for rent and one for waste. The defendant's answer included a counterclaim, and the plaintiff filed a counterclaim to the defendant's counterclaim. The plaintiff filed several separate motions for a summary judgment, including a motion for a summary judgment on "all counts, claims, counterclaims, and all claims entered by him in this case." The trial court rendered a summary judgment in the plaintiff's favor upon his rent claim for $3,927.10, plus court costs, and the trial court further denied all other claims by the plaintiff. From that portion of the judgment which denied his other claims, the plaintiff appealed. He raises no issue concerning the rent claim.
There is no final judgment in this case which will support an appeal. The judgment from which the plaintiff appealed, in substance, denied a summary judgment in his favor as to all of the plaintiff's multiple claims against the defendant except for the plaintiff's rent claim for which a summary judgment was granted and which was the only claim that was granted and determined by that judgment. An appeal will not lie from the denial of a motion for a summary judgment because such a judgment is interlocutory in nature and is not made appealable by statute. Whitehead v. Baranco Color Labs, Inc.,353 So.2d 793 (Ala. 1977). Also, the counterclaim of the defendant against the plaintiff is still pending. See Cates v. Bush,293 Ala. 535, 307 So.2d 6 (1975). It would not benefit any issue which the plaintiff attempts to raise on this appeal if we remanded the matter to the trial court for that court's determination under Rule 54(b) of the Alabama Rules of Civil Procedure as to whether the rent claim judgment should be certified as being a final judgment. The plaintiff has voiced no complaint directed towards the decision of the trial court to grant him the summary judgment as to his claim for rent.
Except as otherwise provided by law, appeals lie only from final judgments. Ala. Code (1975), § 12-22-2. Since there is no final judgment herein, this court is without jurisdiction to hear this matter, and the plaintiff's appeal is hereby dismissed. Whitehead, 353 So.2d 793; Cates, 293 Ala. 535,307 So.2d 6.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur.