B.D. and Wanda Files appeal from a declaratory judgment entered against them in the Jefferson County Circuit Court.
The Fileses lease property to Variety Wholesalers, Inc. (Variety). In January 1987, a brick was hurled through the storefront window of the leased property, breaking a plate of glass. Variety had the window repaired and submitted the bill to the Fileses' management company for payment. The management company refused to pay. Thereafter Variety paid the bill and, pursuant to a clause in the lease agreement, deducted the payment from its May rent. The Fileses rejected the reduced payment of rent, contending that the plate glass repair was the responsibility of Variety.
In October 1987, Variety attempted to exercise an additional three-year option agreement with the Fileses. The Fileses responded by asserting that Variety's failure to pay the May rent put them in default, thereby negating their option to extend the rental agreement.
The Fileses filed an action for declaratory judgment asking the trial court to declare Variety in default and to terminate the lease. Following a hearing, the trial court found the lease agreement to be valid and determined the plate glass damage to be the responsibility of the Fileses.
The pertinent provisions of the lease in question are as follows:
 "Tenant agrees to take proper care of the premises, but Landlord agrees that Tenant shall not be liable for any damages caused thereto by fire, the elements, Acts of God, civil riot, war, insurrection or other casualty, regardless of the causes thereof. . . .
". . . .
 "Landlord, at its sole cost and expense, shall promptly repair and at all times maintain in good repair and condition the foundation, supporting walls, subfloor, exterior walls, roof, exterior painting, gutters and downspouts, sewers, structural plumbing, (including pipes) wiring and conduits found on, but not limited to exterior, below ground, and unexposed ceiling and walls, and insulation of the building on the premises, including damage from latent defects, as well as all exterior and structural parts of said building, whether included in the above enumeration or not. . . ." (Emphasis added.)
The Fileses contend that the lease agreement presents an ambiguity because "the agreement itself fails to speak to the issue whether the landlord has covenanted to repair glass breakage." On the other hand, Variety contends that the agreement as it pertains to the facts of this case is clear and unambiguous on its face.
Whether a contract is ambiguous is a question of law for the trial court. Terry Cove North, Inc. v. Baldwin County SewerAuthority, Inc., 480 So.2d 1171 (Ala. 1985). An ambiguity exists when the instrument is reasonably susceptible to more than one meaning. The writing is unambiguous if only one reasonable meaning clearly emerges. Blue Cross Blue Shield of Alabama v.Beck, 523 So.2d 121 (Ala.Civ.App. 1988). The words of an agreement are to be given their ordinary meaning, and the intention of the parties is to be derived from the provisions of the contract. Smith v. Citicorp Person-to-Person FinancialCenters, Inc., 477 So.2d 308 (Ala. 1985). When the provisions are certain and clear, it is the duty of the trial court to analyze and determine the meaning of the provisions. Pate v.Merchants National Bank of Mobile, 428 So.2d 37 (Ala. 1983). Where an ambiguity exists, the trial court may admit parol evidence to explain or clarify the ambiguity. Mass. AppraisalServices, Inc. v. Carmichael, 404 So.2d 666 (Ala. 1981).
Here, the trial court's order is devoid of any explanation of any manner in which the lease agreement is deemed to be ambiguous. The trial court did take extrinsic *Page 1070 
evidence, which would evidence a finding of ambiguity. We are satisfied that the extrinsic evidence was unnecessary in this instance and was admitted in error by the trial court. The admission of the evidence, however, is harmless because the trial court's order itself finds the lease agreement to be susceptible to only one reasonable interpretation — that is, that the storefront plate glass window constitutes the "exterior" part of the building and that "other casualty" encompasses a brick being thrown through the window.
We find the pertinent provision of the lease agreement to be unambiguous, certain, and clear, and susceptible to only one reasonable interpretation. We find the trial court's interpretation to be consistent with the clear and plain meaning of the terms of the lease agreement. Accordingly, this case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.