F.W. Woolworth Co. contacted James Grimmer, a real estate broker, to negotiate a sublease with Wal-Mart Stores, Inc. The sublease between Woolworth and Wal-Mart was entered into on February 11, 1984 with Grimmer's assistance. On March 26, 1984 Woolworth and Grimmer entered into a Real Estate Broker's Commission Agreement, wherein Woolworth agreed to pay Grimmer four percent of the minimum rent received by Woolworth on the sublease. The agreement provided, in pertinent part, the following:
 "1. Landlord shall pay the Broker a real estate broker's leasing commission in an amount equal to four percent (4%) of the minimum rental payments received by Landlord from said sublease; however, any payments made for real estate taxes, interest or delinquent rental and other payments and any other such additional charges together with any increase in rentals pursuant to any modification of such sublease shall be excluded therefrom." (emphasis added) *Page 1044 
On July 6, 1984 Woolworth and Wal-Mart entered into a sublease modification agreement which increased the minimum rent.
Woolworth began to pay Grimmer four percent commission based on the increased minimum rent in the July 1984 sublease modification. In October 1989 Woolworth assigned to Pine Properties, Inc. all of its right, title, and interest to the Wal-Mart sublease with modification. The broker's agreement with Grimmer was also assigned to Pine Properties. Following the assignment, Pine Properties paid the four percent commission to Grimmer based on the minimum rent of the original contract entered into in February 1984. (For purposes of this appeal, the appellants shall be known as "Woolworth").
In May 1990 Grimmer filed an action against Woolworth and its successor in interest, alleging that the successor was paying too little monthly commission. Following discovery, both parties moved for summary judgment. Grimmer claimed that it was the intent of the parties to pay the higher monthly commission. He offered the deposition of John Hook, the negotiator for Woolworth, to establish the alleged intent. Woolworth claimed that the contract was unambiguous and that parol evidence could not be used to discover the intent of the parties. Woolworth objected to the use of the extrinsic evidence. The trial court, using Grimmer's proffer of extrinsic evidence to determine the intent of the parties, granted summary judgment in Grimmer's favor. Woolworth appeals.
Woolworth asserts that the trial court erred in determining that the broker's agreement was ambiguous and further erred by considering the extrinsic, parol evidence to determine the intent of the parties.
Whether an agreement is ambiguous is a question of law for the trial court to determine. Files v. Variety Wholesalers,Inc., 554 So.2d 1068 (Ala.Civ.App. 1989). When the agreement is certain and clear, it is the duty of the trial court to determine and analyze the meaning of the agreement. Files. The words of the agreement are to be given their ordinary meaning, and the intentions of the parties are to be derived from the provisions of the agreement. Files. When the agreement is reasonably susceptible to more than one meaning, an ambiguity exists. Where an ambiguity exists, the trial court may admit parol evidence to explain or clarify the ambiguity. Files.
We find the agreement to be certain and clear in its terms and to be susceptible to only one reasonable interpretation. The agreement clearly stated that Grimmer would be entitled to four percent commission of the minimum sublease rental payments and that "any increase in rentals pursuant to any modification of such sublease shall be excluded" in the calculation of the commission. Grimmer negotiated the sublease agreement in February 1984. Based on that agreement, he entered into the broker's agreement in March 1984. The parties to the sublease modified and increased the rental payments in July 1984. Based on the clear and unequivocal terms of the agreement, Grimmer was entitled to four percent of the original minimum rent and not the increased rent. Because no ambiguity existed, the trial court erred in admitting the parol evidence. Smith v. CiticorpPerson-to-Person Fin. Centers, Inc., 477 So.2d 308 (Ala. 1985). We find the trial court's interpretation to be inconsistent with the clear and plain meaning of the agreement.
Grimmer insists that the agreement presents a latent ambiguity and that it was imperative for the trial court to consider the extrinsic evidence to determine the intent of the parties. He further insists that he is entitled to the higher monthly commission because Woolworth paid him at that level for approximately five years.
We find no ambiguity in the documents — latent or patent. The broker's agreement was premised on the February 1984 rental agreement. Grimmer was not a party to the July 1984 modification, nor is there any indication that the parties subsequently amended the broker's agreement to reflect the July 1984 modification. The intent of the parties at the time the broker's *Page 1045 
agreement was negotiated was clear — Grimmer was to receive four percent of the rental income as documented in the February 1984 rental agreement. Furthermore, the fact that Woolworth paid the increased monthly commission for approximately five years does not change the written instrument. When there is no ambiguity, any subsequent conduct of the parties to an agreement cannot be considered as aids in its construction.Babcock v. Smith, 285 Ala. 557, 234 So.2d 573 (Ala. 1970).
The trial court erred in its interpretation of the broker's agreement. This cause is remanded for further proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.