MONROE, Judge.
On June 26,1995, Donald A. Dreaper sued Richardson, Inc., seeking payment of workers’ compensation benefits he claimed he was *206 owed for injuries he allegedly incurred in an on-the-job accident. The parties entered into a settlement agreement in which Dreaper agreed to dismiss his claims against Richardson in exchange for a lump-sum payment. The agreement, which was approved by the trial court in a judgment entered on January 2, 1996, expressly stated that Dreaper’s future medical expenses would remain open, i.e., that Dreaper was not releasing Richardson from liability for future medical expenses as part of the settlement.
On February 13, 1997, Richardson, Inc., and its workers’ compensation insurance carrier, GoffTNBA, Inc., filed a petition in the trial court stating: “A controversy has arisen between the parties regarding the reasonable necessity of certain medical expenses incurred or to be incurred by [Dreaper], The parties further dispute whether some treatment has been authorized as required by Ala.Code § 26-6-77.” Dreaper filed a counterclaim alleging breach of contract and the tort of outrage. On December 31, 1997, Richardson and GoffTNBA moved for a summary judgment on Dreaper’s counterclaim, which was granted by the trial court on February 17,1998. Dreaper appeals.
Section 25-5-77(a), Ala.Code 1975, addresses payment of medical expenses in workers’ compensation cases and provides in part: “All cases of dispute as to the necessity and value of the services shall be determined by the tribunal having jurisdiction of the claim of the injured employee for compensation.” See also, Champion Int’l Corp. v. Simmons, 398 So.2d 305 (Ala.Civ.App.1981). Pursuant to this statute, Richardson and Goff filed their petition requesting the same trial court that had entered the judgment approving the settlement agreement to determine whether certain medical treatments were necessary and authorized. Dreaper filed a counterclaim to this petition, alleging that Richardson and Goff/NBA had breached the settlement agreement by refusing to pay certain medical expenses. He also alleged that the actions of Richardson and Goff/NBA constituted the tort of outrage. The trial court entered the summary judgment only on the counterclaim. Thus, the petition filed by Richardson and GoffTNBA is still pending before the trial court. Although the summary judgment disposed of fewer than all claims, the trial court did not certify the order as final pursuant to Rule 54(b), Ala. R. Civ. P.
The summary judgment is not a final judgment. Even if the court had purported to enter a Rule 54(b) certification, we would be compelled to dismiss this appeal, because the judgment at issue is not a proper subject for a Rule 54(b) order.
Indeed, a determination as to whether the summary judgment on Dreaper’s counterclaim was proper necessarily involves an initial determination as to whether the medical treatments at issue were necessary and authorized.[1] In other words, in determining whether a jury question exists regarding whether Richardson and Goff/NBA breached the settlement agreement and committed outrageous conduct by not paying certain medical expenses, we must first decide if they were required to pay the medical expenses at issue. However, the issue whether Richardson and Goff/NBA were required to pay certain of Dreaper’s medical expenses is the very issue still pending before the trial court. This is the very issue that § 25-5-77 places in the jurisdiction of the trial court that entered the underlying workers’ compensation judgment. A Rule 54(b) certification would be premature at this time, because it appears that “the issues in the two claims in this case are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.” Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987). See also Palmer v. Resolution Trust Corp., 613 So.2d 373 (Ala.1993).
The order appealed from is not a final judgment and thus will not support an appeal, and a Rule 54(b) certification would be *207 improper at this time. Therefore, the appeal must be dismissed.
DISMISSED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.

. In their briefs before this court, the parties argue at length as to whether Dreaper’s medical treatments were necessary and authorized.