568 So.2d 1219 (1990)
Anne FAHEY and Charles F. Fahey
v.
C.A.T.V. SUBSCRIBER SERVICES, INC.
C.A.T.V. SUBSCRIBER SERVICES, INC.
v.
Anne FAHEY and Charles F. Fahey.
89-106, 89-159.
Supreme Court of Alabama.
June 22, 1990.
Rehearing Denied September 21, 1990.
*1220 Peter V. Sintz and Jacqueline M. McConaha of Sintz, Campbell, Duke, Taylor & Cunningham, Mobile, for appellants/cross-appellees.
Mary Beth Mantiply and Julia L. Christie, Mobile, for appellee/cross-appellant.
MADDOX, Justice.
This appeal and cross-appeal respectively present, on the one hand, a question of the propriety of the trial court's summary judgment in favor of a cable television company on the ground that the evidence showed, as a matter of law, that it was not the party whose activity in laying the cable allegedly caused the plaintiff's injury, and, on the other hand, a question of the propriety of the trial court's denial of a partial summary judgment in favor of the cable television company on the ground that the evidence showed, as a matter of law, that the plaintiff's alleged back injury was not proximately caused by any act or omission on the part of the party that laid the cable. For reasons we shall hereinafter state, we reverse the judgment entered from which the appeal was taken, and we dismiss the cross appeal.

FACTS
Anne and Charles Fahey's sewer line backed up, causing sewage to flow into their house. After digging up a section of the pipe, they found that the pipe had been pierced and blocked by a cable television line under the street. The Faheys sued the owners of the cable line, and later added as defendants all the contractors and companies connected with the installation of that cable line. The appellee and cross-appellant, C.A.T.V. Subscriber Services, Inc., was added as one of those defendants. The Faheys sued for alleged damages to their home, driveway, plumbing, and furnishings and also included a claim for damages based on a back injury suffered by Anne while she was moving furniture during the flooding caused by the backed up sewer line. C.A.T.V. moved for a partial summary judgment on the issue of Anne's back injury; the trial court denied that motion. The denial of that motion is the subject of C.A.T.V.'s cross-appeal.
After the trial court denied C.A.T.V.'s motion for a partial summary judgment on the issue of the injury allegedly suffered by Anne, C.A.T.V. then moved for a full summary judgment, asserting that it had done none of the actual work connected with laying the cable that allegedly resulted in the sewer blockage and the subsequent sewage back-up problem. C.A.T.V. claimed that all the work had been done by independent contractors over which it exercised no control. The trial court granted that summary judgment motion and made the summary judgment final under Rule 54(b), A.R.Civ.P.
The Faheys appeal, and the only issue they raise is whether the summary judgment was proper. C.A.T.V. cross-appeals and argues that if this Court determines that the summary judgment was not proper, then C.A.T.V. should be entitled to a *1221 partial summary judgment on the claim based on Anne's back injury because, as a matter of law, there was no evidence that any act or omission on its part proximately caused the back injury that she allegedly sustained while moving furniture because of the flooding. C.A.T.V. also argues that "[a]ssuming arguendo that this Court agrees that proximate causation has been sufficiently established by the plaintiffs, then as a matter of law, plaintiff was contributorily negligent and assumed the risk of her own injuries." For reasons we shall state in a separate portion of this opinion, the cross appeal is due to be dismissed.
Because this suit was filed before June 11, 1987, the "scintilla rule" is the applicable standard for testing the correctness of the trial court's granting of the summary judgment motion. See Ala.Code 1975, § 12-21-12. In testing the correctness of the trial court's action, this Court applies the rule that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c); Pittman v. Gattis, 534 So.2d 293 (Ala. 1988). The question in the Faheys' appeal is whether there was a scintilla of evidence that C.A.T.V. maintained any right of control over the laying of the cable, and the question on the cross-appeal is whether there was a scintilla of evidence that any act or omission of C.A.T.V. proximately caused the back injury allegedly suffered by Anne, and if so, whether the evidence presented shows, as a matter of law, that Anne was contributorily negligent.

I
As this Court stated in Pugh v. Butler Telephone Co., 512 So.2d 1317, 1318 (Ala. 1987):
"[W]hether a relationship is that of an independent contractor or master-servant depends on whether the entity for whom the work is being performed has reserved the right of control over the means by which the work is done. Sawyer v. Chevron USA, Inc., 421 So.2d 1263 (Ala. 1982). In the absence of a non-delegable duty, the mere retention of the right to supervise or inspect the work of an independent contractor as the work progresses to ensure compliance with the terms of an agreement does not operate to create a master-servant relationship. There must be a retention of control over the manner in which the work is done, before an agency relationship is created." (Emphasis original.)
C.A.T.V. contends that it was merely a prime contractor and that it did not retain any right of control over the subcontractors that laid the cable involved. However, we need not reach the issue of whether there was evidence that C.A.T.V. retained sufficient control over the subcontractors to make it liable for their negligence, because the Faheys presented evidence that C.A.T.V. itself laid the cable that blocked their sewer line. In opposition to C.A.T. V.'s motion for summary judgment, the Faheys offered the deposition of Bayne Nezat, one of the subcontractors, wherein he stated that he saw a C.A.T.V. crew laying cable on the Faheys' street. C.A. T.V. contends that it never did any of the actual laying of the cable; however, the deposition testimony of the subcontractor does present a scintilla of evidence that C.A.T.V. was directly involved in the laying of the cable that blocked the Faheys' sewer line. Thus, a genuine issue of material fact was presented, and C.A.T.V. was not entitled to a judgment as a matter of law; therefore, the summary judgment for C.A. T.V. is reversed, and the cause is remanded for further proceedings.

II
On cross appeal, C.A.T.V. contends that the trial judge erred in denying its motion for partial summary judgment on the issue of liability for Anne's back injury.
This cross appeal is due to be dismissed. In Parsons Steel, Inc. v. Beasley, 522 So.2d 253 (Ala.1988), this Court had before it a situation identical to the one presented here. There was an appeal from a summary judgment that the trial court had made final pursuant to the provisions of Rule 54(b), A.R.Civ.P. The appellee in *1222 that case sought to cross appeal from the trial court's orders denying its motion for a summary judgment on other claims in the complaint. This Court held:
"Any consideration of this [breach of contract] claim is pretermitted by the rule that an order denying a motion for summary judgment is not appealable. Blanton v. Liberty National Life Insurance Co., 434 So.2d 773 (Ala. 1983). Accord, Whitehead v. Clix Photo Centers, Inc., 355 So.2d 327 (Ala.1978). In Whitehead v. Baranco Color Labs, Inc., 353 So.2d 793 (Ala. 1977), it was held that:
"`The order which denied summary judgment is interlocutory in nature, not made appealable by statute, and will, therefore, not support an appeal. See Dick v. First National Bank of Birmingham, 334 So.2d 922 (Ala. [Civ.] App. 1976). Moreover, this appeal is not one by permission pursuant to Rule 5, ARAP.'
"353 So.2d at 794. Such an order is inherently non-final and cannot be made final by a Rule 54(b) certification.
"The arguments advanced by the parties as to the claim for malpractice will likewise not be discussed. An order denying summary judgment is interlocutory and nonappealable. Whitehead v. Clix Photo Centers, supra."
The holding in Parsons, therefore, requires us to dismiss the cross appeal.
89-106 REVERSED AND REMANDED.
89-159 APPEAL DISMISSED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.

ON APPLICATION FOR REHEARING
MADDOX, Justice.
C.A.T.V. has applied for rehearing, arguing that this Court erred in applying the "scintilla rule" as the standard for testing the correctness of the trial court's granting of C.A.T.V.'s summary judgment motion. C.A.T.V. points out that although the Faheys' lawsuit was filed before June 11, 1987, their amended complaint adding the claim against C.A.T.V. was not filed until April 22, 1988. Therefore, C.A.T.V. argues that the "substantial evidence rule" of Ala. Code 1975, § 12-21-12, should apply to the claim added by the amended complaint and that while the record may show a scintilla of evidence supporting the Faheys' claim, it does not show substantial evidence supporting that claim.
Thus, a question of first impression is presented: if a plaintiff's original complaint is pending on June 11, 1987, but an amended complaint is filed after that date, which rule applies to a summary judgment motion addressing a claim contained only in the amended complaint? We hold that the "scintilla rule" applies. Section 12-21-12 is clear in its language, "This section shall not apply to any civil action pending in the courts of this state on June 11, 1987." (Emphasis added.) The Faheys' action was pending on June 11, 1987, and any amendment asserting a claim that arose out of the occurrence set forth in the original complaint relates back to the date of the filing of the original complaint. See Rule 15(c), Ala.R.Civ.P.
Further, other problems could arise from applying the two different rules in the same case. For example, to hold that in a single lawsuit the "substantial evidence rule" applies to one party's summary judgment motion while the "scintilla rule" applies to another party's summary judgment motion would not be "just." Ala.R. Civ.P., Rule 1.
Therefore, C.A.T.V.'s application for rehearing is overruled.
OPINION EXTENDED; APPLICATION OVERRULED.
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.