This is the appeal of a summary judgment. From the scant record before this court, it appears that in February 1992, Charles H. Fullilove, Jr., sold certain real property to Brookline Forest, Inc. (Brookline) and financed the purchase thereof. The purchase price was $138,240, of which $130,000 was financed by a promissory note with an annual interest rate of 9% and payable in annual installments of $20,256.61 commencing in February 1993. The note was secured by a purchase money mortgage on the property, and the mortgage contained an exculpatory clause that excluded Brookline from any liability on the indebtedness, and stated: "it being the understanding of the parties that the property encumbered by this Mortgage is the sole security for the debt . . . including but not limited to, payments to the note secured by this Mortgage, taxes, insurance, attorney's fees or deficiencies."
Thereafter, in March 1993, Fullilove entered into a contract with Home Finance Company, Inc. (Home), wherein Home agreed to purchase "one payment of $20,000, plus 9% interest, for $10,000 cash." More particularly, Fullilove and Home executed a document entitled "Partial Purchase/Cash-Flow Agreement" wherein Fullilove "sells, transfers and assigns to [Home] the right to receive the next one (1) payment in the amount of $20,256.61 (Buyer's share) of a note [dated] February 3, 1992 in the original principal amount of $130,000.00 between [Fullilove] and [Brookline], which Note has been endorsed by [Fullilove] with recourse and attached hereto." (Emphasis in original.)
Subsection b. of that contract provided that "[Fullilove] also sells, transfers and assigns to [Home] all its right, title and interest in a Mortgage securing the Note which Mortgage is dated the same date as the Note and is recorded in the Probate Office of Jefferson County, Alabama, in Mortgage Book 4194, at Page 553, the filed original of which is attached hereto." The purchase price was $10,000 "payable upon the execution of the Agreement and the delivery of all supporting documentation such as the original Note, Mortgage and an executed Assignment of Mortgage." In the event of default, the agreement provided:
 "(1) If [Brookline] fails to make timely payments on the Note, or, if [Brookline] otherwise violates a provision of the Note or Mortgage, which could cause a default under the terms thereof, [Fullilove] has the option to repurchase from [Home] for [Home's] payoff. [Home] agrees to give [Fullilove] written notice of a default, and [Fullilove] agrees to exercise said option to repurchase within 60 days after such notice if [Brookline] has not cured the default in the interim.
 "(2) If [Fullilove] fails to exercise his option to repurchase as set out above, [Home] has the right and option to foreclose the Mortgage, or collect on the Note, as the sole owner of same and without any limitation, and owes [Fullilove] no proceeds or distributions [from] any subsequent sale or transfer of said property, or from any collection of monies."
Brookline failed to make the February 1993 payment as required by the note to Fullilove. There is a dispute regarding notice or the adequacy of notice of default to Fullilove; however, on June 18, 1993, Home *Page 153 
foreclosed on the mortgage and purchased the property for $150,843.40. There is no evidence that Brookline responded, and it is not a party to this action. Subsequently, Fullilove demanded, inter alia, that Home accept tender of "$20,000 plus [its] legal costs, interest and expense in exchange for the transfer of the real property," set aside the contract with Home as unconscionable, recognize Fullilove's right to redeem, and provide to him a list of lawful charges.
In June 1994, Fullilove sued for a declaratory judgment establishing the rights of the parties under the "Partial Purchase/Cash Flow Agreement." In substance, the complaint contends that the agreement between Fullilove and Home was unconscionable; that the foreclosure was defective in that the notice given was insufficient as a matter of law and/or fact and should be set aside; and that Fullilove should be allowed to redeem upon payment of lawful charges and/or the court should order Home to convey the real property to Fullilove. Following Home's answer and general denial, Fullilove moved for a summary judgment as to his right to redeem, contending that by virtue of the nature of the transaction, he was a "surety or guarantor" of the debt as set out in Ala. Code 1975, §6-5-248(a)(1), and that he had made demand within one year from foreclosure as provided by statute. Thereafter, Home filed a motion for a summary judgment, contending that there was no genuine issue as to any material fact, and that it was entitled to a judgment as a matter of law.
On February 23, 1995, the trial court entered the following order:
 "It appearing that there is no genuine issue as to any material fact and that the defendant, Home Finance Company, Inc., is entitled to a judgment as a matter of law, the . . . motion for summary judgment is granted. A summary judgment is rendered in favor of said defendant and said defendant is dismissed as a party to this action.
 "It is determined by the court that there is no just reason for delay and it is directed that this judgment be entered as a final judgment under the provisions of Rule 54(b), A.R.Civ.P. Any cost incident thereto taxed to the plaintiff."
Fullilove appeals.
While the first paragraph quoted above appears to be a final judgment as to all issues, it appears, because of the Rule 54(b) language in the second paragraph, that the trial court considered certain issues remain pending. Additionally, because the notice of appeal, together with the briefs and arguments of both parties, focus primarily on the issue of redemption, it is apparent that the parties, too, consider only the issue of redemption to be here on appeal. Therefore, the issue before this court is whether Fullilove was entitled to redeem the property as a surety or guarantor of the debt of Brookline in accordance with Fullilove's agreement with Home and the assignment of the note and mortgage. The issues remaining for determination by the trial court are those of unconscionability and defective notice and/or foreclosure.
Rule 54(b), A.R.Civ.P., provides a means of making final "an order which does not adjudicate the entire case but as to which there is no just reason for delay in the attachment of finality." Foster v. Greer Sons, Inc., 446 So.2d 605, 609
(Ala. 1984). Nevertheless, " 'Rule 54(b) certifications should be granted only in exceptional cases and "should not be entered routinely or as a courtesy or accommodation to counsel." ' "Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374
(Ala. 1987) (citation omitted.) There are three prerequisites for invoking Rule 54(b), A.R.Civ.P., to certify a judgment as a final, and therefore appealable, judgment: 1) there must be either multiple claims for relief or multiple parties involved, 2) there must be a final decision as to one of the claims or as to the rights and liabilities of one of the parties, and 3) the court must determine that there is no just reason for delay.Calhoun v. Mayo, 523 So.2d 457 (Ala.Civ.App. 1988).
The question before this court, therefore, is whether the trial court abused its discretion in granting partial summary judgment in favor of Home on the issue of the right to redemption. *Page 154 
Our Supreme Court has previously held that Rule 54(b) certification does not authorize the entry of a final judgment on part of a single claim; thus, a judgment that awards some damages but also allows the judgment holder to return to court to prove more damages is not a final judgment. See, e.g.,Precision American Corp. v. Leasing Service Corp.,505 So.2d 380 (Ala. 1987). Additionally, in an action involving claims and counter-claims, Rule 54(b) certification has been determined to be improvident where the issues in the claims were deemed to be "so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results." Branch, 514 So.2d at 1374.
This appeal involves three theories of recovery: 1) that the contract with Home was unconscionable, or, 2) that the foreclosure was defective, or, 3) that Fullilove seeks to redeem from a valid foreclosure. Our Supreme Court has noted that "[n]either federal nor state courts have been able to settle on a single test to determine when claims are separate or exactly what constitutes a claim. See, Tolson [v. UnitedStates], 732 F.2d [998], at 1001 [(D.C. Cir. 1984); Cates v.Bush, 293 Ala. 535, 307 So.2d 6 (1975)." Precision AmericanCorp., 505 So.2d at 381.
This court is of the opinion that, in this case, the complaint, requesting that the contract between Fullilove and Home be declared to be unconscionable, or that the mortgage foreclosure be found to have been defective, or that Fullilove be allowed to redeem, presented more than one claim for relief and that any of these claims could have been separately enforced. Ordinarily, this would have ended the inquiry; however, if the contract is unconscionable or the mortgage foreclosure is defective, one would never reach the issue of redemption. Another factor courts have weighed in deciding whether to make the determination required by Rule 54(b) is the possibility that the need for review might be mooted by future developments in the trial court. 10 Charles A. Wright, ArthurR. Miller Mary Kay Kane, Federal Practice and Procedure:Civil 2d, § 2659 at p. 106; Luckenbach Steamship Co. v. H.Muehlstein Co., 280 F.2d 755 (2d Cir. 1960).
Thus, because the entire matter presented on this appeal will become moot if for any other reason Fullilove recovers against Home on the remaining issues below, the posture of the case is not yet appropriate for entering a certification of final judgment under Rule 54(b), and entering such a certification would simply result in a piecemeal appeal. Because the matters pending below have not been adjudicated, the trial court's certification under Rule 54(b) was erroneous and is due to be set aside. There being no final judgment, this appeal is dismissed for lack of jurisdiction.
APPEAL DISMISSED.
YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result.