This is an appeal from a partial summary judgment. It was deflected to this court by the Alabama Supreme Court, pursuant to § 12-2-7(6), Ala. Code 1975.
Initially we note that in order to enter a summary judgment, the trial court must determine that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.;Bussey v. John Deere Co., 531 So.2d 860 (Ala. 1988). *Page 1384 
Rule 56 is read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794, 797-98 (Ala. 1989). To defeat a properly supported motion for summary judgment, the nonmovant must present substantial evidence, creating a genuine issue of material facts; substantial evidence has been defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
The material facts are undisputed. Blazer Financial Services, Inc., and Great Western Financial Corporation (collectively "Blazer") engaged in a practice known as the "Check-in-the-Mail" ("CIM") program. In this program, Blazer targeted certain persons and mailed them unsolicited loans in the form of actual, negotiable checks. Each check was attached to the bottom of a letter that stated "HERE'S YOUR CHECK FOR. . . ." The letter also advised recipients to "just endorse it, cash it, or deposit it in your checking account and the cash is yours!"
On the back of the letter and check were certain disclosures. These included an annual percentage rate of 25.11%, which, for example, amounted to a finance charge of $446.38 for a loan of $1,029.62. On the back of the check were written the terms of a promissory note, and recipients were instructed to endorse the check by signing at the bottom of the note. Thus, after the recipients had cashed or deposited the checks, they no longer had copies of the notes. However, most of the information that was contained on the back of the check was also repeated in some fashion on the back of the letter.
A.L. Parrish was one of those targeted by the CIM program. He endorsed his check and thereby signed the promissory note sent by Blazer. Parrish sued Blazer, basing his claims on the CIM program. His lawsuit was certified as a class action. Both Parrish and Blazer filed motions for summary judgment, with accompanying briefs. The trial court entered a partial summary judgment, holding that (1) Blazer's CIM program violates Alabama's Mini-Code, specifically § 5-19-6, Ala. Code 1975, and the plaintiff class can recover for actual damages caused by Blazer's violation of § 5-19-6, Ala. Code 1975; and (2) Blazer's CIM program does not violate the Federal Truth-in-Lending Act ("TILA").
The court certified the partial summary judgment as final, pursuant to Rule 54(b), Ala. R. Civ. P. Parrish appeals.
Parrish agrees with that portion of the trial court's judgment that finds Blazer guilty of violating the Mini-Code. However, Parrish does not agree with the trial court's judgment regarding the class's potential recovery. Indeed, Parrish contends that the class's recovery should not be limited to actual damages caused by Blazer's Mini-Code violation, and that in any case class members should be allowed to recover at least a portion of the interest charged by Blazer on the notes resulting from the CIM program.
The trial court held that Blazer had violated § 5-19-6, Ala. Code 1975, which provides, in pertinent part: "Any creditor, when extending credit with respect to a consumer credit sale, loan or lease other than open-end credit, shall at that time furnish to the debtor duplicate copies of all instruments executed by the debtor in connection with the transaction." The loan instruments were printed on the reverse side of the actual loan checks, which were then cashed or deposited by the debtors. The record reflects that copies of these instruments were never provided to the debtors. Therefore, the trial court held that Blazer had violated §5-19-6.
After determining that Blazer had violated § 5-19-6, the trial court proceeded to address the issue of damages recoverable by the class members as a result of Blazer's violation. The court held that the class was limited to recovery for actual damage caused by the particular violation. The court also indicated that the class would not be able to recover the interest charged by Blazer. However, the court did not make a final ruling as to the amount or scope of damages recoverable.
Parrish also appeals from that portion of the summary judgment holding that Blazer's CIM program had not violated the TILA. *Page 1385 
He argues that Blazer violated the TILA by failing to provide the class members with duplicate copies of the loan instruments, by failing to make certain required disclosures, and by failing to use "clear and conspicuous" language.
The TILA, unlike Alabama's Mini-Code, does not require that the debtor be provided with a duplicate copy of the loan agreement. Instead, the TILA requires that certain disclosures be made "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1). Blazer argues that these required disclosures were provided in the letters to the recipients of the checks and in the statements contained on the back of the letters.
As noted previously, this is an appeal of a partial summary judgment certified as final in accordance with Rule 54(b), Ala. R. Civ. P. Parrish has alleged other Mini-Code violations, which were also argued in motions for summary judgment, but which have not yet been ruled on by the trial court. One such allegation raised by Parrish is that the loan agreements are "unconscionable" pursuant to § 5-19-16, Ala. Code 1975. Because the trial court did not rule on this issue, it has remained pending during the course of this appeal. In addition, the trial court did not issue a final ruling on the damages recoverable for the class members for Blazer's violation of §5-19-6, Ala. Code 1975. Instead, the trial court reserved its ruling as to the amount and scope of damages recoverable until after the completion of this appeal. In our opinion, this is a misuse of Rule 54(b).
The purpose of Rule 54(b) is to allow the trial court to make final "an order which does not adjudicate the entire case but as to which there is no just reason for delay in the attachment of finality." Foster v. Greer Sons, Inc., 446 So.2d 605, 609
(Ala. 1984), overruled on other grounds by Ex parte Andrews,520 So.2d 507 (Ala. 1987), quoted in Fullilove v. Home Finance Co.,678 So.2d 151 (Ala.Civ.App. 1996). However, certifications under Rule 54(b) should be made only in exceptional cases and should not be entered routinely. Branch v. SouthTrust Bank ofDothan, N.A., 514 So.2d 1373, 1374 (Ala. 1987). Courts do not favor appellate review conducted in a piecemeal fashion, so parties seeking immediate review of partial judgments must make a showing as to why such a review is necessary. Brown v.Whitaker Contracting Corp., 681 So.2d 226, 229
(Ala.Civ.App. 1996), citing 10 Charles Alan Wright, Arthur R. Miller, 
Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2659, at 99-100. This court has held that Rule 54(b) does not authorize the entry of a final judgment on part of a single claim, so that an order making a partial award of damages is not a final judgment. Fullilove, supra, at 154.
Three requirements must be met before Rule 54(b), A.R. Civ. P., can be applied to certify a judgment as final for purposes of appeal: "(1) there must be either multiple claims for relief or multiple parties involved, (2) there must be a final decision as to one of the claims or as to the rights and liabilities of one of the parties, and (3) the court must determine that there is no just reason for delay."Fullilove, supra, at 153.
Parrish moved the trial court for a summary judgment holding that Blazer violated two Mini-Code sections, but the trial court ruled only as to one of these alleged violations, leaving the issue of unconscionability pending. If the trial court determines that the loans at issue are unconscionable, on the basis that they were the product of a program designed to coerce certain targeted individuals into accepting high interest loans that they otherwise may not have accepted, it may refuse to enforce the unconscionable portions, such as the interest rate, in accordance with § 5-19-16. Such a ruling could possibly render moot the issue of damages available for the other Mini-Code violation. These issues are in our opinion so intertwined that separate adjudications would pose an unreasonable risk of inconsistent results. Branch, supra, at 1374. Because these crucial matters pending below have not been adjudicated, the trial court's Rule 54(b) certification was erroneous and must be set aside. Thus, this appeal is dismissed for lack of jurisdiction.
APPEAL DISMISSED. *Page 1386 
THIGPEN, YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result.