On Application for Rehearing
The opinion of October 23, 1998, is withdrawn, and the following is substituted therefor:
Luciana Alicia Fogarty Williams and Stephen Rafe Fogarty were married in 1992. One child, a daughter, was born during the parties' marriage. On February 25, 1997, the Circuit Court of Autauga County entered an order that divorced the parties and awarded them joint custody of the daughter, with the father, Stephen Fogarty, having primary physical custody. Both parties have since remarried. Fogarty is currently married to Angela Dawn Stephens Fogarty (hereinafter "Angela"). Angela has a son by a former marriage; she shares joint physical custody of that son with her former husband, Robert Wade Stephens (hereinafter "Stephens").
On August 19, 1997, the mother ("Williams") filed a petition to modify the *Page 832 
custody provisions of the divorce judgment. In that petition, Williams alleged that there had been a material "change in circumstances" as contemplated by § 30-3-134, Ala. Code 1975, because, she alleged, Fogarty had committed domestic violence against his wife Angela. Fogarty answered, denying the material allegations in Williams's petition, and he cross-petitioned for an award of child support. Also pending in the same circuit, but before another trial judge, was a petition Stephens had filed against Angela seeking to modify the custody order relating to their son.
On October 24, 1997, the parties to this action filed a motion asking the trial judge to consolidate, for the purposes of discovery only, this action with Stephens's pending petition relating to his son. The trial court granted the motion to consolidate, for the purposes of discovery only.
On January 6, 1998, the judge who had Stephens's petition entered an order finding that Stephens had not presented sufficient evidence to establish that a change in custody was in the son's best interest and denying Stephens's petition to modify.[1] See Ex parte Couch, 521 So.2d 987, 989 (Ala. 1988) (where the original custody determination does not favor one parent over the other, the best-interests-of-the-child standard applies).
Williams's modification petition was scheduled to be heard on January 8, 1998. On that date, Fogarty made an oral motion requesting that the trial court apply the doctrine of collateral estoppel and prevent Williams from presenting evidence against Fogarty and Angela regarding Williams's allegations of domestic violence and alcohol and drug abuse. On that same day, January 8, 1998, the trial court granted Fogarty's motion. The trial court offered to allow Williams to present evidence only on the issue of the effect the alleged domestic violence and substance abuse were having on her daughter; Williams declined.
Williams moved the trial court to certify its January 8 order as final pursuant to Rule 54(b), Ala.R.Civ.P. On March 3, 1998, the trial court entered an order finding that in the hearing on Stephens's petition to modify, evidence had been presented on the issues of domestic violence and alcohol and drug abuse in the Fogartys' home. The trial court held that Williams was collaterally estopped from presenting evidence on the same issues in her action for a modification. The trial court purported to certify its order as final pursuant to Rule 54(b). Williams appealed, arguing that the trial court erred in holding that the doctrine of collateral estoppel applied to her action against Fogarty.
In its order granting Fogarty's oral motion to exclude evidence under the theory of collateral estoppel, the trial court did not rule on Williams's petition to modify custody or on Fogarty's request for an award of child support. The trial court's ruling was an evidentiary ruling and not a decision on the merits of a pending claim.
 "There are three prerequisites for invoking Rule 54(b). First, there must be either multiple claims for relief or multiple parties involved. Second, there must be a final decision as to one of the claims or as to the rights and liabilities of one of the parties. Third, the court must determine that there is no just reason for delay."
Calhoun v. Mayo, 523 So.2d 457, 459 (Ala.Civ.App. 1988).
 "Rule 54(b) certification has no purpose other than to make final a given adjudication which would otherwise be nonfinal by reason of, but only by reason of, the continued presence in the same suit of other undisposed of claims or parties. Only a fully adjudicated whole claim against a party may be certified under Rule 54(b). See Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976) . . . . If a purported Rule 54(b) certification of a ruling respecting a claim *Page 833 
is not authorized by that rule, the certification is wholly ineffective . . . ."
James v. Alabama Coalition for Equity, Inc., 713 So.2d 937, 942
(Ala. 1997) (quoting Sidaq Aktiengesellschaft v. Smoked Foods Products Co., 813 F.2d 81, 84 (5th Cir. 1987) (emphasis in original)).
The issues raised by the parties have not been adjudicated. Because the trial court erred in attempting to certify its evidentiary ruling as final pursuant to Rule 54(b), that certification order is due to be set aside. Fullilove v. Home Finance Co., 678 So.2d 151 (Ala.Civ.App. 1996); Precision American Corp. v. Leasing Serv. Corp., 505 So.2d 380 (Ala. 1987). Therefore, the appeal is due to be dismissed.
This is an appeal from an interlocutory order. Even if the procedure of Rule 5(a), Ala.R.App.P., had been followed in this case, this court would not have jurisdiction of this appeal. Rule 5(a) provides that "[a]ppeals of interlocutory orders are limited to those civil cases which are within the original appellate jurisdiction of the Supreme Court."
We also note that in her original brief on appeal, Williams cited only Black's Law Dictionary in support of her argument on the issue of collateral estoppel. In her brief on application for rehearing, Williams did not address this court's holding that this appeal was not properly before this court; rather, she continued to argue that the trial court's Rule 54(b) certification of its evidentiary ruling was appropriate. A writ of mandamus is a drastic and extraordinary remedy and should be granted only where a party demonstrates that the trial court has abused its discretion and demonstrates that the party has a clear right to relief. Ex parte Moore, 642 So.2d 457 (Ala. 1994). Williams has not demonstrated a "clear showing of error on the part of the trial court" that would make a writ of mandamus appropriate. Ex parte Norwood, 615 So.2d 1210 (Ala.Civ.App. 1992). For that reason, this court elected not to treat Williams's interlocutory appeal as a petition for a writ of mandamus.
The requests for attorney fees by the appellant and the appellee are denied.
OPINION OF OCTOBER 23, 1998, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; RULE 39(k) MOTION DENIED; APPEAL DISMISSED.
Robertson, P.J., and Yates and Monroe, JJ., concur.
Crawley, J., dissents.
[1] Because Stephens and Angela shared joint physical custody of their son, the best-interests-of-the-child standard applies to Stephens's petition to modify custody. See Ex parte Couch,521 So.2d 987, 989 (Ala. 1988). Fogarty has primary physical custody of his and Williams's daughter; therefore, the more stringent standard of Ex parte McLendon, 455 So.2d 863 (Ala. 1984), applies to Williams's petition to modify. Ex parte Johnson, 673 So.2d 410
(Ala. 1994).