On June 23, 1998, the parties entered into an agreement regarding an annual inspection and repairs to be performed on an aircraft owned by the defendants Ann Corporation and Jim Branch (hereinafter "Branch"). Ann Corporation is a business created for the sole purpose of owning the aircraft, and Branch is the owner and president of Ann Corporation. The plaintiff Aerostar World, Inc. (hereinafter "Aerostar"), an aircraft-repair facility, agreed to perform the inspection and repairs for an estimated cost of $5,000. Branch signed a maintenance service request authorizing the annual inspection and several *Page 233 
specific repairs. This writing stated in pertinent part:
 "I hereby authorize the above repair work along with necessary material and hereby grant you and or you[r] employees permission to operate the aircraft herein described on taxiways, runways, inflight or elsewhere for the purpose of testing and/or inspection."
After performing the inspection, Aerostar contacted Branch about additional necessary repairs, which Branch authorized by telephone.
On July 30, 1998, Aerostar faxed an itemized invoice in the amount of $11,045.98 to Branch for the total cost of the inspection and repairs. On August 5, 1998, Branch retrieved the aircraft from Aerostar and paid the invoice amount in full, with a check drawn on the account of Ann Corporation. At the time of delivery, a representative of Aerostar informed Branch of a possible problem with the aircraft's radar system, which had been working properly when the aircraft was originally delivered to Aerostar. Believing that the radar malfunction was caused by Aerostar's leaving the radar on while the aircraft was in a hangar, Branch issued a stop-payment order on the check, on August 6, 1998. Branch subsequently had the radar system repaired, at a cost of $8,194. Branch alleged that he did not authorize a number of the repairs performed by Aerostar. Ann Corporation and Branch have currently paid nothing toward Aerostar's invoice.
On September 10, 1998, Aerostar filed a complaint against Ann Corporation, Branch, and Bob Growe,[1] alleging breach of contract, and requesting relief in the amount of $11,045.98. On December 15, 1998, Branch filed a counterclaim against Aerostar, alleging breach of contract and damage to property. In Count I of the counterclaim, based on his allegation that some of the repairs made by Aerostar had been unauthorized, Branch requested $6,045.98 for breach of contract. In Count II of the counterclaim, Branch requested $8,194 for damage to the aircraft's radar system.
On October 20, 1999, Aerostar moved for a partial summary judgment as to Count II of Branch's counterclaim regarding the radar system. The trial court granted Aerostar's motion for partial summary judgment on November 22, 1999. Subsequently, on December 30, 1999, Aerostar moved for a summary judgment as to its own complaint. On February 28, 2000, the trial court granted Aerostar's motion for summary judgment and entered a judgment awarding Aerostar $13,818.67 (the invoice price plus interest) and costs. Count I of Branch's counterclaim, which alleges that a number of repairs were unauthorized, remains before the trial court. On March 1, 2000, Aerostar moved the trial court for entry of a final judgment pursuant to Rule 54(b), Ala.R.Civ.P. The court entered a Rule 54(b) certification of finality on March 2, 2000. Branch and Ann Corporation appeal, arguing that the trial court erred in entering the summary judgment for Aerostar on the original complaint.
Rule 54(b) provides a means of making final "an order which does not adjudicate the entire case but as to which there is no just reason for delay in the attachment of finality." Branch v. SouthTrust Bank ofDothan, N.A., 514 So.2d 1373, 1374 (Ala. 1987) (quoting Foster v. Greer Sons, Inc., 446 So.2d 605, 609 (Ala. 1984), overruled on other groundsby *Page 234 Ex parte Andrews, 520 So.2d 507 (Ala. 1987)). Three requirements must be satisfied before Rule 54(b) can properly be applied to certify a judgment as final for purposes of appeal: 1) there must be either multiple claims for relief or multiple parties involved; 2) there must be a final decision as to one of the claims or as to the rights and liabilities of one of the parties; and 3) the court must determine that there is no just reason for delay. Williams v. Fogarty, 727 So.2d 831,832 (Ala.Civ.App. 1999); Parrish v. Blazer Fin. Servs., Inc.,682 So.2d 1383, 1385 (Ala.Civ.App. 1996). Rule 54(b) certifications should be granted only in exceptional cases and should not be entered routinely. Parrish, 682 So.2d at 1385. Furthermore, if a certification of finality is not authorized by Rule 54(b), it is wholly ineffective.Williams, 727 So.2d at 832-33.
The trial court's summary judgment for Aerostar on its complaint is not a proper subject for Rule 54(b) certification. Both Aerostar's complaint and Count I of Branch's counterclaim allege a breach of the same contract. While this Court makes no finding as to whether the trial court properly entered the summary judgment for Aerostar on its complaint, Branch and Ann Corporation may be in breach of contract by their failure to pay for the inspection and any repairs that were authorized. However, because the counterclaim alleging a number of unauthorized repairs remains before the trial court, it is possible that Branch and Ann Corporation may later be found liable for only a portion of the total invoice amount. Moreover, Branch and Ann Corporation's argument on appeal is based primarily upon their contention that Aerostar charged them for unauthorized repairs. As a result, both this appeal and the remaining counterclaim revolve around the same issue: whether Aerostar charged Branch and Ann Corporation for unauthorized repairs. Consequently, we consider these claims to be "so interrelated that they should be adjudicated simultaneously and not piecemeal." SeeBridges v. Bridges, 598 So.2d 935, 936 (Ala.Civ.App. 1992). Therefore, Rule 54(b) certification is inappropriate in this case, and this appeal is due to be dismissed.
APPEAL DISMISSED.
Robertson, P.J., and Yates, Crawley, and Thompson, JJ., concur.
[1] Upon motion of the plaintiff Aerostar, the defendant Bob Growe was dismissed from the case, with prejudice, on October 4, 1999.