811 So.2d 554 (2001)
H.P.H. PROPERTIES, INC.
v.
CAHABA LUMBER & MILLWORK, INC.
2000285.
Court of Civil Appeals of Alabama.
August 10, 2001.
Laurie Boston Sharp of Allison, May, Alvis, Fuhrmeister, Kimbrough & Sharp, L.L.C., Birmingham, for appellant.
John R. Frawley, Jr., Irondale, for appellee.
PITTMAN, Judge.
H.P.H. Properties, Inc. (hereinafter "H.P.H."), purchased various building products from Cahaba Lumber and Millwork, Inc. (hereinafter "Cahaba Lumber"), for its residential-construction business. Cahaba Lumber sued H.P.H. for the moneys owed on those purchases. The court entered a default judgment, but later set it aside, after H.P.H. filed an answer. Cahaba Lumber filed a motion for summary judgment; H.P.H. filed a counterclaim; and on June 28, 2000, the court entered a summary judgment for Cahaba Lumber. The summary judgment order stated, in pertinent part:
"This matter came before the Court this date on Plaintiff's Motion For Summary Judgment in the above styled action. *555 With the Defendant not filing any opposition to the above stated Motion nor offering any competent evidence at the hearing to oppose the Motion, based on the pleadings and submissions of the Plaintiff, the Court has determined that there is no genuine issue as to any material fact and that the Plaintiff is entitled to judgment as a matter of law. Judgment is, therefore, entered in favor of the Plaintiff, Cahaba Lumber & Millwork, Inc.
"Accordingly, it is hereby ORDERED, ADJUDGED and DECREED the Motion For Summary Judgment, filed on behalf of the Plaintiff, Cahaba Lumber & Millwork, Inc., is granted in amount of $32,038.58, against the Defendant, H.P.H., Inc., a/k/a HPH Properties. Said Judgment is granted as Final, pursuant to Alabama Rules of Civil Procedure 54(b), there being no just reason for delay."
H.P.H. filed a "motion to reconsider," or, in the alternative, to alter, amend or vacate the summary judgment. This motion was denied by operation of law, pursuant to Rule 59.1, Ala. R. Civ. P. H.P.H. now appeals. H.P.H. argues that the trial court erred in making the Rule 54(b) certification of finality while H.P.H.'s counterclaim was pending.
We have most recently addressed this issue in Ann Corp. v. Aerostar World, Inc., 781 So.2d 231 (Ala.Civ.App.2000):
"Rule 54(b) provides a means of making final `an order which does not adjudicate the entire case but as to which there is no just reason for delay in the attachment of finality.' Branch v. South-Trust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987) (quoting Foster v. Greer & Sons, Inc., 446 So.2d 605, 609 (Ala.1984), overruled on other grounds by Ex Parte Andrews, 520 So.2d 507 (Ala.1987)). Three requirements must be satisfied before Rule 54(b) can properly be applied to certify [an order] as final for purposes of appeal: 1) there must be either multiple claims for relief or multiple parties involved; 2) there must be a final decision as to one of the claims or as to the rights and liabilities of one of the parties; and, 3) the court must determine that there is no just reason for delay. Williams v. Fogarty, 727 So.2d 831, 832 (Ala.Civ.App.1999); Parrish v. Blazer Fin. Servs., Inc., 682 So.2d 1383, 1385 (Ala.Civ.App.1996). Rule 54(b) certifications should be granted only in exceptional cases and should not be entered routinely. Parrish, 682 So.2d at 1385. Furthermore, if a certification of finality is not authorized by Rule 54(b), it is wholly ineffective. Williams, 727 So.2d at 832-33."
H.P.H.'s counterclaim alleges slander of title, referencing several pre-lawsuit liens Cahaba Lumber recorded against lots owned by H.P.H. Each of the liens contains a specific statement that the "lien is claimed to secure an indebtedness ... for materials furnished for the improvements of said real property". The moneys owed on these same materials are the subject of the original complaint by Cahaba Lumber. There is a legitimate question as to whether success by H.P.H. on its counterclaim would offset the amount already awarded Cahaba Lumber on its initial complaint. The trial court's later resolution of H.P.H.'s counterclaim could materially effect the total amount of damages awarded in this action. Therefore, we conclude that the attempted Rule 54(b) certification is ineffective--Rule 54(b) certification was not appropriate. There was a "just reason for delay" in the entry of a final order. Thus, this case should not be before an appellate court yet. See Bacadam Outdoor Adver., Inc. v. Kennard, 721 So.2d 226 (Ala.Civ. App.1998).
*556 The Rule 54(b) certification is set aside. The order from which this appeal was taken is not a final order, and a nonfinal order will not support an appeal. The appeal is dismissed. Bacadam Outdoor Adver., supra.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., concurs in the result.
MURDOCK, Judge, concurring in the result.
I concur in the result. I write separately to explain my understanding, which is different from that suggested by the majority's opinion, of the proper application of the "no just reason for delay" standard under Rule 54(b), Ala. R. Civ. P., in cases where a judgment has been entered on a claim, but there remains pending a counterclaim that gives rise to the potential for a setoff.
Rule 54(b) provides, in pertinent part:
"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."
(Emphasis added.) Entry of judgment is permissible even if the multiple claims arise from the same transaction or occurrence. As a result, a Rule 54(b) certification is possible as to a judgment on a claim, even though a compulsory counterclaim remains pending. Likewise, a Rule 54(b) certification is possible as to a judgment on a compulsory counterclaim, even though the main claim remains pending. See Cold Metal Process Co. v. United Eng'g & Foundry Co., 351 U.S. 445, 451-53, 76 S.Ct. 904, 100 L.Ed. 1311 (1956) (whether counterclaim remaining for later adjudication was compulsory or permissive was irrelevant, because Rule 54(b) does not preclude entry of judgment even if unadjudicated claims arise from same transaction or occurrence)[1]; 10 James Wm. Moore, Moore's Federal Practice, § 54.29[1] (3d ed. 2000). Nor is the possibility of a setoff necessarily dispositive of questions regarding the appropriateness of a Rule 54(b) certification. Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (court of appeals erred in dismissing appeal from a Rule 54(b) judgment on one of main claims merely because counterclaim remained pending that might offset judgment entered).
Of course, the foregoing is not to say that a Rule 54(b) certification is always appropriate. The trial court must determine whether there is any "just reason for delay." In this regard, however,
"[t]he function of the [trial] court under the Rule is to act as a `dispatcher.' It is left to the sound judicial discretion of the [trial] court to determine the `appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised `in the interest of sound judicial administration.'
"[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in a setting such as this, a [trial] court must take into account judicial administrative interests as well as the equities involved. Consideration *557 of the former is necessary to assure that application of the Rule effectively `preserves the historic ... policy against piecemeal appeals.' It was therefore proper for the [trial judge] here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."
Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. at 8, 100 S.Ct. 1460 (citations omitted).
Consistent with the United States Supreme Court's concern with avoiding multiple appeals as to the same issues, the Alabama Supreme Court in Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373 (Ala.1987), set aside a Rule 54(b) certification of a judgment on a bank's claim under a promissory note where there remained pending a counterclaim by the borrower alleging fraud by the bank in connection with the borrower's execution of the note. As our Supreme Court reasoned,
"It therefore appears that the issues in the two claims in this case are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results. We must conclude, therefore, that in the interest of justice, the claims should not be adjudicated separately."
514 So. 2d at 1374 (emphasis added).
I therefore conclude that the trial court's Rule 54(b) certification of its judgment on Cahaba Lumber's claim against H.P.H. was inappropriate, not because H.P.H.'s counterclaim gives rise to the possibility of a setoff, but because separate adjudication of that counterclaim and Cahaba Lumber's main claim poses an unreasonable risk of inconsistent results and multiple appeals as to the same issue.
NOTES
[1] Cases interpreting the Federal Rules of Civil Procedure are authority for interpreting the Alabama Rules of Civil Procedure. Bracy v. Sippial Elec. Co., 379 So.2d 582, 584 (Ala. 1980).