YATES, Presiding Judge.
The defendants, Ohio Casualty Insurance Company, Inc., and First Alabama Supply, Inc. (hereinafter “FAS”), appeal from a partial summary judgment entered in favor of the plaintiff, Beverly Bailey, as widow of Mark Bailey and as custodial parent of the two minor children of Mark Bailey.[1]
Mark Bailey was an employee of two family businesses, FAS and Vinyl Mark, Inc. The sole shareholders of both companies are his parents, Jessie Bailey and Willard Bailey. Mark held the title of vice president of Vinyl Mark. Although both Jessie and Willard stated in affidavits that Mark was also “an officer” of FAS, Jessie testified in her deposition that he was not vice president of FAS. FAS and Vinyl Mark have several places of business in Alabama, as well as in Georgia and Mississippi.
Mark was receiving an annual salary of $102,000 at the time of his death. Additionally, he had had the use of a Dodge Durango truck, which had been purchased by FAS. FAS paid the insurance on the truck. Mark drove the truck for both personal purposes and business purposes. *891 His W-2 form reflected that he was taxed on the benefit of the use of the truck, as compensation.
On February 16,1999, Jessie telephoned Mark and told him to go to a FAS location in Birmingham because an employee there had called in sick, so he drove to Birmingham instead of going to Tuscaloosa as he had planned to do. On the way to Birmingham, Mark suffered fatal injuries in an accident.
At the time of Mark’s death, FAS and Vinyl Mark were named insureds under a workers’ compensation policy issued by Ohio Casualty. That policy was issued on an annual basis. The initial premium charged to FAS/Vinyl Mark was adjusted at the end of each policy period, following an audit.
An endorsement to the policy, which became effective on November 14, 1998, excluded Mark Bailey, as a vice president, from workers’ compensation insurance coverage. However, this policy listed FAS as the insured.
On August 4, 1999, Beverly sued FAS and Ohio Casualty, seeking workers’ compensation death benefits. In response, Ohio Casualty argued that the November 14,1998, endorsement excluded Mark from insurance coverage. It also argued that, pursuant to a 1995 workers’ compensation insurance policy issued to Vinyl Mark, Mark, as a corporate officer, had signed a waiver of his right to workers’ compensation coverage under the policy. FAS argued that the 1995 exclusion barred Beverly’s recovery of worker’s compensation benefits based on Mark’s death. Beverly argued that under § 25-5-50, Ala.Code 1975, such a waiver had to filed annually, and that no waiver had been filed under FAS or Vinyl Mark’s policies in 1999.
Beverly moved for a summary judgment based on § 25-5-50. Both FAS and Ohio Casualty moved for a summary judgment, arguing that Mark’s accident did not arise out of or in the course of his employment, and, therefore, they were entitled to a summary judgment. Following a hearing, the trial court entered the following order:
“1. The parties seek a ruling on two issues: (1) whether an officer of a corporation seeking to be exempt from coverage from the [Workers’] Compensation Act pursuant to § 25-5-50(b) must file every year, a written certification of such an election with the department and the employer’s insurance carrier; and, (2) whether the Plaintiffs deceased husband was acting within the line and scope of his employment when the accident made the basis of this suit occurred.
“2. The first issue presented apparently is a case of first impression in this State. On this issue, the Plaintiffs Motion for Summary Judgment is granted to the extent that a plain reading of the first sentence of § 25-5-50(b) relates to how exemption from coverage occurs— by an annual filing. The second sentence of § 25 — 5—50(b) merely provides a method, in addition to the annual expiration under the first sentence, of opting back into coverage, i.e., by filing the requisite written certification.
“3. Defendant First Alabama Supply, Inc.’s Motion for Summary Judgment is denied as to the second issue.
“4. Defendant Ohio Casualty Insurance Company, Ine.’s Motion for Summary Judgment is denied as to the second issue.
“5. By agreement of the parties hereto, pursuant to Alabama Rule of Civil Procedure 54(b) this Order is made final for purposes of appeal.”
Ohio Casualty and FAS appeal, arguing that the trial court erred in entering a summary judgment in favor of Beverly. *892 It also argues that it was entitled to a summary judgment on the grounds that Mark’s accident did not arise out of or in the course of his employment. However, the denial of a motion for summary judgment is an interlocutory order not subject to appeal. Fahey v. C.A.T.V. Subscriber Servs., Inc., 568 So.2d 1219 (Ala.1990); Calhoun v. Mayo, 528 So.2d 457 (Ala.Civ.App.1988); Swann v. Stovall, 506 So.2d 1017 (Ala.Civ.App.1987).
Section 12-22-2, Ala.Code 1975, provides that an appeal will lie to the appropriate appellate court, within the time and in the manner prescribed by the Rules of Appellate Procedure, “[f]rom any final judgment of the circuit court.” However, if more than one claim for relief is presented in an action, Rule 54(b), Ala. R. Civ. P., provides that “the court may direct the entry of final judgment as to one or more but fewer than all the claims ... upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.”
“Not every order has the requisite element of finality that can trigger the operation of Rule 54(b), Ala. R. Civ. P. James v. Alabama Coalition for Equity, Inc., 713 So.2d 937 (Ala.1997). ‘Rule 54(b) certifications should be made only in exceptional cases and should not be entered routinely.’ Parrish v. Blazer Financial Services, Inc., 682 So.2d 1383 (Ala.Civ.App.1996).”
Moss v. Williams, 747 So.2d 905, 907 (Ala.Civ.App.1999).
In Fahey, 568 So.2d 1219, 1222, quoting Parsons Steel, Inc. v. Beasley, 522 So.2d 253 (Ala.1988), the supreme court held that the trial court’s order denying a summary judgment could not be considered on appeal because “ ‘[sjuch an order is inherently non-final and cannot be made final by a Rule 54(b) certification.’ ” Accordingly, we will not address Ohio Casualty and FAS’s argument regarding the denial of their summary-judgment motions, wherein they argued that Mark’s accident did not arise out of or in the course of his employment.
It appears that the trial court intended to make final paragraph 2 of the order, that portion of the order interpreting § 25-5-50, Ala.Code 1975. Three requirements must be satisfied before a trial court can properly satisfy an order as final, pursuant to Rule 54(b), for purposes of appeal: (1) there must be either multiple claims for relief or multiple parties involved; (2) there must be a final decision as to one of the claims or as to the rights and liabilities of one of the parties; and, (3) the court must determine that there is no just reason for delay. Ann Corp. v. Aerostar World, Inc., 781 So.2d 231 (Ala.Civ.App.2000). That portion of the order concerning § 25-5-50 does not dispose of a “claim,” as required by Rule 54(b). Instead, the order holds that Beverly is not barred from pursuing her claim. It does not dispose of Beverly’s claim for benefits. Therefore, the trial court’s Rule 54(b) certification was erroneous and must be set aside. The appeal is dismissed for lack of jurisdiction.
APPEALS DISMISSED.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.

. FAS adopts the briefs submitted by Ohio Casualty.