J.O. Sims and Gary Watkins appeal from the Lawrence Circuit Court's summary judgment in favor of Green Tree Alabama, LLC ("Green Tree"). In March 2004, Green Tree filed a complaint against Sims, claiming possession of a mobile home that was located on property owned first by Sims and later by Watkins; Watkins was subsequently added as a defendant. Sims and Watkins counterclaimed, specifically asserting a landlord's lien for unpaid rent ("the landlord's lien claim"), and a separate claim for storage and rental fees ("the storage claim"); Watkins also asserted a separate claim for reimbursement *Page 1077 
for improvements that he had made to the mobile home ("the labor claim"). The trial court entered a summary judgment in favor of Green Tree on its claim; it subsequently entered a summary judgment in favor of Green Tree on Sims's and Watkins's counterclaims. Sims and Watkins appeal the summary judgment on their counterclaims.
 Facts
In May 1997, Rodney Shankle and Charlie Shankle (hereinafter collectively referred to as "the Shankles") purchased a mobile home from Jerry Young Homes for approximately $25,000; Green Tree, the assignee of the contract between the Shankles and Jerry Young Homes, retained a security interest in the mobile home. The Shankles moved the mobile home onto property owned by Sims and paid Sims $150 per month in rent. The Shankles subsequently defaulted on their payments on the mobile home, ceased paying rent to Sims, declared bankruptcy, and abandoned the mobile home, which was later damaged by a fire.
In approximately April 2003, Watkins purchased from Sims the property on which the damaged mobile home was located. Watkins repaired the mobile home using his own funds and began using the mobile home as a residence.
 Procedural History
Green Tree filed a complaint against Sims in the Morgan Circuit Court in March 2004, requesting a judgment against Sims for possession of the mobile home or for its alternative value. Sims answered and counterclaimed, asserting the landlord's lien claim resulting from the Shankles' failure to pay rent to Sims and the storage claim resulting from Green Tree's having abandoned the mobile home, or otherwise having allowed the mobile home to remain, on Sims's property without his consent or authorization.
On May 5, 2004, the Morgan Circuit Court transferred the case to the Lawrence Circuit Court. On May 20, 2004, Green Tree amended its complaint to add Watkins as a defendant. In an answer to the amended complaint, Sims and Watkins counterclaimed, asserting jointly and separately the, landlord's lien claim and the storage claim. Additionally, Watkins separately asserted the labor claim, in which he alleged that he was entitled to be compensated for "work and labor, and the increased value of said manufactured home that was totally lost as the result of fire" by virtue of repairs and improvements that he had made to the mobile home using his own funds and that he was entitled to damages based on "quantum merit or unjust enrichment; and damages for work, labor and storage of said manufactured home."
On September 28, 2004, the trial court entered a summary judgment for Green Tree on its claim for possession of the mobile home. A writ of execution was issued on that judgment on December 3, 2004.
On June 7, 2005, Watkins and Sims amended their answer to assert additional counterclaims; they jointly and separately asserted a claim of nuisance based on Green Tree's having allowed the mobile home to remain on the property for an unreasonable amount of time after it had been awarded possession of the mobile home, alleged damage to Watkins's property from the removal of the mobile home on or about December 2, 2004, and asserted a claim of trespass for "allowing or causing, entering or remaining, failing to remove in a timely manner wherein a duty existed to remove, a manufactured home, upon the real property of the defendants."
On August 3, 2005, Green Tree filed a third-party complaint against Morgan City Home Center, LLC ("Morgan"), the company *Page 1078 
that Green Tree had hired to repossess the mobile home from Watkins's property, claiming that Green Tree was entitled to indemnification from Morgan for any damages resulting from the repossession.
The case was set for trial on January 9, 2006, by an order dated November 9, 2005. Green Tree filed another motion for a summary judgment on December 2, 2005. The only claims addressed in Green Tree's summary-judgment motion were Sims's and Watkins's original counterclaims i.e., the landlord's lien claim, the storage claim, and the labor claim. In an order dated December 21, 2005, the trial court granted Green Tree's motion for a final summary judgment as to those claims, stating:
 "The court finds that, upon the showing of Counterclaim Defendant, there are no genuine issues of material fact in this case. Further, Counterclaim Plaintiffs, J.O. Sims and Gary Watkins, have failed to submit affidavits or evidence in opposition to the Motion for Summary Judgment. Accordingly, Counterclaim Defendant's Motion is due to be and is hereby GRANTED.
 "Disposing of all claims in the case, this is the Final Judgment of this Court under Rule 54(b) of the Alabama Rules of Civil Procedure."
On December 29, 2005, Sims and Watkins filed a motion to vacate the December 21, 2005, order. Also on December 29, 2005, Sims and Watkins filed a response to Green Tree's summary-judgment motion, with evidentiary materials attached. The trial court denied Sims and Watkins's motion to vacate on March 13, 2006. Sims and Watkins filed a notice of appeal on April 10,2006.
 Discussion
Sims and Watkins first argue that the trial court erred in entering the December 21, 2005, summary judgment as a "final judgment." Rule 54(b), Ala. R. Civ. P., states:
 "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Except where judgment is entered as to defendants who have been served pursuant to Rule 4(f), [Ala. R. Civ. P.,] in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
Specifically, Sims and Watkins argue in their brief that the trial court's order does not evidence a finding by the court that there is "no just reason for delay" in certifying that the judgment is final and that it does not "address each of the parties and their respective claims."
We first note that the trial court's order is ambiguous on its face. Specifically, the following statement is contradictory in itself: "Disposing of all claims in the case, this is the Final Judgment of this Court under Rule 54(b) of the Alabama Rules of Civil Procedure." If the court's order disposed of all claims in the case, it would not be necessary to invoke Rule 54(b), which allows the court to "direct the entry of a *Page 1079 
final judgment as to one or more but fewer than all of the claims." (Emphasis added.)
However, this discrepancy can be resolved by examining Green Tree's motion for a summary judgment. The only claims addressed in that motion were the landlord's lien claim, the storage claim, and the labor claim. Green Tree did not submit any evidence to show that it was entitled to a summary judgment on Sims and Watkins's counterclaims asserting nuisance, damage to the property resulting from the removal of the mobile home, and trespass. Therefore, we read the December 21, 2005, order as a partial summary judgment, resolving only those claims presented to it in Green Tree's motion for a summary judgment. SeeFogarty v. Southworth, 953 So.2d 1225 (Ala. 2006); andEx parte General Motors Corp., 769 So.2d 903, 909 (Ala. 1999).
Because we find that the trial court's intention was to enter a partial summary judgment in favor of Green Tree on Sims's and Watkins's original counterclaims, we now look to whether the judgment is properly before us under Rule 54(b). The Alabama Supreme Court has stated:
 "[A] Rule 54(b) certification should not be entered if the issues in the claim being certified and a claim that will remain pending in the trial court' "are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results."' Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp., 834 So.2d 88, 95 (Ala. 2002) (quoting Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala. 1987))."
Schlarb v. Lee, 955 So.2d 418, 419-20 (Ala. 2006). Sims's and Watkins's unresolved counterclaims appear to relate to actions or omissions by Green Tree that occurred both before and at the time the mobile home was removed from the property. The counterclaims that were resolved by the trial court's summary judgment also related to actions or omissions by Green Tree that occurred before the mobile home was removed from the property. We conclude, therefore, that the remaining counterclaims are so inextricably intertwined with the counterclaims that were resolved by the trial court's December 21, 2005, order that separate adjudication of those claims would pose an unreasonable risk of inconsistent results, as contemplated by the Supreme Court in Schlarb. Because we find that Rule 54(b) certification was improper in this case, we dismiss Sims and Watkins's appeal. H.P.H. Props., Inc. v.Cahaba Lumber Millwork, Inc., 811 So.2d 554
(Ala.Civ.App. 2001).
Based on the foregoing, we dismiss Sims and Watkins's appeal from the trial court's partial summary judgment.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.